**REPUBLIC OF CHINA et al. v. NATIONAL CITY BANK OF NEW YORK.**

United States District Court
S. D. New York.

Dec. 22, 1952.

Kirlin, Campbell & Keating, New York City, Cletus Keating, New York City, Robert E. Kline, Jr., Washington, D. C., Louis J. Gusmano, New York City, of counsel, for plaintiff Republic of China.

Shearman & Sterling & Wright, New York City, Chauncey B. Garver and W. Harvey Reeves, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiffs, The Republic of China, and others, have commenced an action against the defendant, under Section 632 of Title 12 U.S.C.A. to recover the sum of $200,000 said to be on deposit with defendant and which the defendant refuses to pay. This sum was deposited in the name of plaintiff Shanghai-Nanking Railway Administration, said to be an agency of the Ministry of Communications of the plaintiff, The Republic of China. The Secretary of State, pursuant to Section 25(b) of the Federal Reserve Act has certified to defendant that the deposit in question belongs to the plaintiff, The Republic of China. Defendant has denied the essential allegations of the complaint, pleaded affirmative defenses, and has asserted two counterclaims against plaintiff, The Republic of China. The first counterclaim alleges that on or about August 9, 1920, defendant participated in a loan made by, J. P. Morgan & Co. to the Pacific Development Co. in the face amount of $5,000,000, said loan being secured by a $5,500,000 Chinese Government Treasury Note, being the note of the plaintiff herein, The Republic of China. Said loan was not paid on its maturity date by Pacific Development Company and subsequently Pacific Development Company was liquidated. In the course of said liquidation, J. P. Morgan & Co. offered the collateral for sale at public auction and purchased the collateral on behalf of the participants in the loan to the Pacific Development Company. The Chinese Government Treasury Note is still held by J. P. Morgan & Co. and is now past due, and by virtue thereof there is said to be owing to the defendant the sum of $317,720.93 plus interest of $590,386.53.

For a second counterclaim against plaintiff, The Republic of China, the defendant alleges that between April and August 1947 defendant began the purchase of Chinese Government 36th Year Short Term Treasury Notes of The Republic of China. On these notes, the plaintiff, The Republic of China, is said to be indebted to the defendant in the sum of $391,033.60 principal together with interest thereon in the sum of $335,290.94. Defendant demands judgment against the plaintiffs dismissing the complaint with costs, and against the plaintiff, The Republic of China, for the sum of $1,634,432.

Plaintiff, The Republic of China, has moved pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the counterclaims on the following grounds:

(1) That the Court lacks jurisdiction thereof because plaintiff, The Republic of China, is a friendly sovereign which has not consented to be sued on the matters therein alleged.

(2) That they fail to state claims against plaintiff, The Republic of China, upon which relief can be granted.

In opposition to this motion, the defendant has advanced the contention that the motion is premature because there is no proof before this Court that the property is that of a sovereign. The defendant has alleged that the Shanghai-Nanking Railway Administration is not a mere agency of the government but has independent existence and that the plaintiff, The Republic of China, is not in a position to sue and recover on this bank account. This allegation is contained in the affirmative defenses which defendant has asserted. In support of the contention that whether the organization in whose name the property is held is a sovereign or at least an agency of a foreign sovereign exercising governmental functions is a matter which must be proved by the plaintiff, defendant relies on such cases as Chase National Bank of City of N. Y. v. Directorate General of Postal Remittances & Savings Bank, 1st Dept., 1951, 278 App.Div. 820, 824, 105 N.Y.S.2d 416, on reargument 278 App.Div. 935, 105 N.Y.S. 2d 923, 924; leave to appeal denied, 279 App.Div. 576, 107 N.Y.S.2d 542; appeal dismissed, 1952, 303 N.Y. 800, 104 N.E.2d 360; Hannes v. Kingdom of Roumania Monopolies Institute, 1st Dept., 1940, 260 App. Div. 189, 20 N.Y.S.2d 825; Telkes v. Hungarian National Museum, 1st Dept., 1942, 265 App.Div. 192, 38 N.Y.S.2d 419.

■ While this point might be well taken if it were directed to a motion to strike the affirmative defenses it is wholly inappropriate here for the simple reason that the counterclaims in question are pleaded, not against the Shanghai-Nanking Railway Administration but against The Republic of China itself.

There is no contention that The Republic of China is not a friendly foreign sovereign.

In fact in paragraph XXXIV of the counterclaim, defendant admits that:

"The plaintiff, The Republic of China, is, and at all times hereinafter mentioned was, a sovereign government recognized as such by the duly appointed Executive Department of the Government of the United States."

■ As a second ground for opposing the motion defendant asserts that the plaintiff cannot show right of sovereign immunity as claimed because plaintiff voluntarily came to this Court and is using its facilities to collect a debt. But it is well settled that counterclaims may not be asserted against a friendly foreign sovereign unless they are based on the subject matter of the suit. United States v. New York Trust Co., D.C. S.D.N.Y.1946, 75 F.Supp. 583; Republic of China v. American Express Co., 2 Cir., 1952, 195 F.2d 230, 233. When the counterclaim is based on the same subject matter the court may say that the sovereign "has waived immunity" or "consented to suit". These are legal fictions based on the notion that it would be exceedingly inequitable to allow any plaintiff to function as a normal litigant when it is to its advantage to do so, but to raise the shield of sovereign immunity with respect to the same matter, when the tides are turned against it. But, the bringing of an action against a defendant cannot be said to be consent by plaintiff to suit for any unrelated claims which defendant may have against that government. Compare the opinion in State of Russia v. Bankers Trust Company, D.C. S.D.N.Y.1933, 4 F.Supp. 417, 420 with that of the Court of Appeals in affirming sub nom United States v. National City Bank of New York, 2 Cir., 83 F.2d 236, certiorari denied, 1936, 299 U.S. 563, 57 S.Ct. 25, 81 L.Ed. 414. It is not alleged, nor is it urged, as indeed it could not be, that the counterclaims here arise out of the same subject matter covered in the complaint. Rather, defendant relies on such cases as United States v. National City Bank of New York, supra, and United States v. National City Bank of New York, D.C. S.D.N.Y.1950, 90 F.Supp. 448, to support the proposition that the right to counter-

claim against a sovereign depends upon "the equities" of that claim. In these cases plaintiffs sued to recover money on deposit with the defendant bank and were met with counterclaims for amounts due on Russian Treasury notes. The Court of Appeals held that the notes, payable at the defendant bank, were equivalent to an order to pay the same from the account of the debtor under the New York Negotiable Instruments Law and allowed the counterclaims while affirming the principle that only claims arising out of the same transaction may be set-off against a sovereign. But closer to the facts of the instant case, where there is absent any allegation that the notes in question are payable at the bank holding the deposit, is the case of United States v. New York Trust Company, D.C.S.D.N.Y. 1946, 75 F.Supp. 583, where the Court disallowed the counterclaim stating that the notes were unrelated to the deposit transaction and therefore were not available against the sovereign without its consent.

Other contentions of the defendant require but brief discussion. One, that the plea of sovereign immunity is not properly before this Court presents much the same issues as the defendant's argument based on the alleged independent corporate nature of the Shanghai-Nanking Railway. With respect to the counterclaim we do not have a case where a sovereign is asserting that property in another's possession is actually state property, as was the case in Kunglig Jarnvagsstyrelsen (Swedish State Railways) v. Dexter & Carpenter, 2 Cir., 1929, 32 F.2d 195, certiorari denied, 1929, 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629, and Anderson v. N. V. Transandine Handelmaatschappij, 1942, 289 N.Y. 9, 43 N.E.2d 502. Here, as was said previously, the counterclaim is brought against plaintiff, The Republic of China, and the sovereignty of this plaintiff is unquestioned, and indeed alleged by the defendant (paragraph XXXIV of answer). An additional argument that the defendant has a right to make its debit by reason of a banker's lien has no validity in this context.

The motion to dismiss the counterclaims is hereby granted.

Settle order.