**PANG–TSU–MOW et al., Appellants,**
**v.**
**REPUBLIC OF CHINA, Appellee.**
**No. 12391.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1955.
Decided June 30, 1955.

Mr. Warren Woods, Washington, D. C., with whom Mr. William A. Roberts, Washington, D. C., was on the brief, for appellants. Mrs. Irene Kennedy and Mr. Edward G. Villalon, Washington, D. C., also entered appearances for appellants.

Mr. William E. Leahy, Washington, D. C., with whom Mr. William J. Hughes, Jr., Washington, D. C., was on the brief, for appellee.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

**544**

BASTIAN, Circuit Judge.

Appellant (defendant) Mow appeals from a judgment of the District Court dated June 21, 1954, awarding the Republic of China, appellee (plaintiff), judgment in the amount of $6,368,503.-47, plus interest and costs.

In the case of Pang-Tsu-Mow v. Republic of China, 91 U.S.App.D.C. 324, 201 F.2d 195, the nature of the action in the instant case is set forth, and no good purpose would be served in again reviewing the facts. It is sufficient to state that after the decision referred to above the Auditor of the District Court proceeded with the reference to him to state the account of the defendant Mow in connection with his dealings with the plaintiff, Republic of China.

After extensive hearings, at which Mow did not appear although given the opportunity so to do, but at which his counsel appeared and contested the proceedings, the Auditor, on April 14, 1954, filed his report, finding that the plaintiff was entitled to judgment against Mow in the above mentioned amount. Exceptions to the report were filed by Mow and, on June 21, 1954, the District Court ratified and confirmed the report of the Auditor, granted judgment against Mow in the amount aforesaid, with interest and costs, and certified that under the provisions of Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A., there was no just reason for delay and expressly directed the entry of a judgment against Mow.

■ Defendant claims that the District Court erred in entering judgment against him prior to the adjudication of the case on the merits against the remaining defendant as the action was one for joint liability. We disagree. The action is plainly one against the defendants jointly and severally, and the District Court's order is clearly authorized by and conforms to Rule 54(b), F.R.Civ. P.

Defendant also contends that the District Court erred in denying his motions to compel the attendance and testimony of the Chinese Ambassador before the Auditor. The record discloses that on December 17, 1953, during the course of the hearings before the Auditor, defendants filed with the District Court a motion to compel attendance and testimony before the Auditor, of Dr. V. K. Wellington Koo, the Ambassador of the Republic of China to the United States. The motion alleged that Dr. Koo had personal knowledge of many of the transactions which were the subject of the pleadings and upon which testimony had been taken in hearings before the Auditors; that Dr. Koo was in possession of certain of the funds which were at issue in the case; that the United States Marshal's office refused to serve a subpoena upon him for the reason that his name appeared in the diplomatic list published by the United States Department of State; that Dr. Koo had refused to appear voluntarily and testify at the hearings being held before the Auditor; that the only means by which the defendants could obtain the testimony of Dr. Koo was through an order of the District Court; and that the diplomatic immunity from service of a subpoena which Dr. Koo may have enjoyed had been waived by his government in instituting this action. By order dated January 28, 1954, the District Court denied the motion.

Thereafter, on February 9, 1954, defendants filed a motion for an order compelling the attendance and testimony on deposition of Dr. V. K. Wellington Koo or, in the alternative, staying proceedings or for dismissal of the complaint. For the purposes of this motion, it was stipulated between counsel that, if notice of taking Dr. Koo's deposition were filed and served and a subpoena served on him, he would refuse to appear and testify, on the ground of diplomatic immunity. By order dated March 2, 1954, the District Court denied this motion.

The Supreme Court, in National City Bank v. Republic of China, 348 U.S. 356, 75 S.Ct. 423, decided March 7, 1955, recognized that a counterclaim directed to a sovereign's suit "is allowed to cut into the doctrine of immunity", id. 348 U.S. at page 364, 75 S.Ct. at page 429. In

that case, the Republic of China had sued the National City Bank of New York in Federal District Court to recover $200,000.00 deposited in the bank by a governmental agency of the Republic. The bank interposed counterclaims seeking an affirmative judgment for $1,634,-432.00 on defaulted Treasury Notes of the Republic. On a plea of sovereign immunity, the District Court dismissed the counterclaims. 108 F.Supp. 766. The Court of Appeals for the Second Circuit affirmed, 208 F.2d 627, on the ground that the counterclaims were not based on the subject matter of respondent's suit (whether the claims were treated as requests for affirmative relief or as set-offs) and, therefore, it would be an invasion of respondent's sovereign immunity for our courts to permit the counterclaim to be pursued.

On appeal the Supreme Court noted that the case did not present an attempt to bring a recognized foreign government into court as a defendant and subject it to the rule of law to which non-governmental obligors must bow. "We have a foreign government invoking our law but resisting a claim against it which fairly would curtail its recovery. It wants our law, like any other litigant, but it wants our law free from the claims of justice." Id. 348 U.S. at page 361, 75 S.Ct. at page 427.[1] In reversing, the Court said: "Thus it seems only fair to subject a foreign sovereign, coming into our courts by its own choice, to a liability substantially less than our own Government long ago willingly assumed." Id. 348 U.S. at page 363, 75 S. Ct. at page 428.

But that case affords no basis for a conclusion that the immunity of an ambassador from service of civil process is waived by the institution of a suit by the sovereign. And we think it unnecessary to decide the matter here.[2]

The motions to compel the attendance of the Ambassador contained

no proper showing as to the necessity or the nature of the testimony expected to be obtained from him. The Auditor's proceedings involved only a statement of the account of Mow in connection with his dealings with the Republic of China. In the absence of a demonstration to us that the proposed testimony of the Ambassador was relevant or necessary in the proceedings before the Auditor, we cannot say that the District Court erred in denying the motions.

We have examined the other assignments urged by the defendant and find no error.

Affirmed.

---

1. Cf. United States v. National City Bank of New York, 2 Cir., 83 F.2d 236, certiorari denied, 1936, 299 U.S. 563, 57 S.Ct. 25, 81 L.Ed. 414.

2. See, generally, IV Hackworth, Digest of International Law 513-555 (1942).