**Burton E. CARR and Marie A. Carr, Husband and wife, Appellants,**

v.

**CITY OF ANCHORAGE, a Municipal Corporation, and Merrill Chitty, Appellees.**

**No. 14242.**

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1956.

Bell & Sanders, Anchorage, Alaska, for appellants.

John Rader, Anchorage, Alaska, for appellees.

Before STEPHENS, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

In this action appellants claimed damages from the City of Anchorage and its Engineer and Building Inspector, the appellee Chitty, on the ground that the City, acting by and through Chitty, oppressively and fraudulently delayed the issuance of a building permit to appellants, and in the process lost a valuable set of appellants' plans. They prayed judgment against the defendants and each of them in the amount of $18,731.36. The complaint alleged joint and several liability on the part of both defendants on account of the tortious acts described. Both defendants moved to dismiss. The City's motion was granted; that of Chitty denied, D.C., 114 F.Supp. 439, and judgment entered dismissing the action against the City. The Carrs appeal from that judgment.

The record shows no attempt to make an express determination that "There is no just reason for delay" in the language of Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A. Indeed, according to our decision in Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105, the making of such a determination would not have sufficed to make the trial court's decision appealable, since there is here a single claim asserted jointly against multiple parties.

The judgment here is one which, wholly apart from Rule 54(b), would not be appealable. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; cf. Sears Roebuck Co. v. Mackey, 1956, 351 U.S. 427, footnote 3, 76 S.Ct. 895. We are therefore without jurisdiction of the appeal.

But one point remains. If our decision in Steiner was wrong, and if the proper rule is that a determination under Rule 54(b) would serve to make this decision appealable, then it would be appropriate to do as we did in Burkhart v. United States, 9 Cir., 210 F.2d 602, and remand the case to permit the court to make the Rule 54(b) determination. Since the grant of certiorari in Sears Roebuck Co. v. Mackey, supra, it has been plain that the decision in that case, which was certain to lay at rest some questions concerning Rule 54(b), might require a re-examination of our Steiner case. The Second Circuit has disagreed with us, see Rieser v. Baltimore & Ohio Railroad Co., 2 Cir., 224 F.2d 198, 204, while the Seventh Circuit has followed Steiner. Hardy v. Bankers Life & Casualty Co., 7 Cir., 222 F.2d 827.

But we find nothing in the Sears Roebuck case or in the accompanying case of Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, which suggests any reason why this division of this court should fail to follow Steiner. Accordingly, since no determination that there is no just reason for delay will make this decision appealable, we simply dismiss the appeal for want of jurisdiction to entertain it.