244 F.2d 192
 LURIA BROTHERS & COMPANY, Inc., a corporation, Appellant,
v.
A. Victor ROSENFELD, Abe Rosenfeld, Maurice J. Rosenfeld, and Rose Rosenfeld, doing business as California Bag & Metal Co.; A. Rosenfeld & Sons, Inc., a corporation, Appellees.
 No. 15494.
 United States Court of Appeals Ninth Circuit.
 March 27, 1957.
 
 Koerner, Young, McColloch & Dezendorf, James Dezendorf, Joseph Larkin, Portland, Or., for appellant.
 Black, Kendall & Tremaine, Edward L. Fitzgibbon, Portland, Or., for appellees.
 Before STEPHENS and BARNES, Circuit Judges, and LINDBERG, District Judge.
 STEPHENS, Circuit Judge.
 
 
 1
 This is a motion to docket and dismiss the appeal. Appellant filed a complaint in the District Court against appellees for breach of a contract of sale and alternatively against The Western Union Telegraph Company for negligence in failing to deliver a telegraphic message. The action against appellees could only succeed if it were shown that appellees, as sellers, did not advise appellant that they were ready to ship the goods agreed to be sold under the contract. Appellees alleged that such a message was sent to appellant through the use of the facilities of The Western Union Telegraph Company. Appellant claimed the message was not sent, and if it were sent, it was not delivered.
 
 
 2
 The District Court dismissed the action against appellees for want of jurisdiction of the subject matter, stating that it conclusively appeared to the Court, on the basis of the records and files in the case, that the claim of appellant against appellees, if established, would not be more than the sum of $2,204.62. The action against The Western Union Telegraph Company was left pending.
 
 
 3
 Appellees now move to dismiss the appeal from the District Court's Order of Dismissal on the theory that said Order is not a final decision under Title 28 U.S.C.A. § 1291,[1] and therefore the Court of Appeals has no jurisdiction of this appeal. Appellees argue that if appellant's claim be construed as a single claim alternatively stated against multiple parties, then such Order of Dismissal referring to some, but not all, parties defendant, is not appealable. Appellees further argue that should appellant's complaint be construed to contain multiple claims, then the Order of Dismissal, as to "less than all of the claims," is subject to the provisions of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A.,[2] and since the District Court did not make an express determination that there is no just reason for delay and no express direction for the entry of judgment, the Order is unappealable.
 
 
 4
 We initially dispose of the point raised by appellant that Rule 54(b) does not apply to an Order of Dismissal, such as was entered in this case, because Rule 54(b) is limited to a judgment upon a claim, and since there has been no final judgment upon appellant's claim against appellees, the rule is inapplicable. In essence appellant argues that there must be a judgment on the merits. We find the argument without merit. Rule 54(a) clearly defines "Judgment" as including a decree and any order from which an appeal lies. Rule 54(b) likewise speaks of "any order or other form of decision, however designated." See Kaufman & Ruderman, Inc., v. Cohn & Rosenberger, 2 Cir., 177 F.2d 849, wherein the Second Circuit had no hesitancy in applying Rule 54(b) to a situation where the District Court dismissed one cause of action on the sole ground of lack of jurisdiction. See also: Robinson Brothers & Co. v. Tygart Steel Products Co., 3 Cir., 184 F.2d 534; Farmer v. Powers, 5 Cir., 204 F.2d 509. Numerous other cases need not be cited.
 
 
 5
 But we are of the opinion that 54(b) has no application to the instant case, and for two reasons. First, appellant's complaint contains one claim stated alternatively against multiple parties. Rule 8(e) (2) Federal Rules of Civil Procedure. We have previously held that 54(b) is inapplicable where there is an absence of multiple claims. Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105; Carr v. City of Anchorage, 9 Cir., 235 F.2d 780. Secondly, it is now settled law, since the decision in Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, that Rule 54(b) does not relax the finality required of each decision, as an individual claim, to render it appealable. Wholly apart from Rule 54(b), the Order of Dismissal in the instant case is not appealable. While the defendants in the instant case were not jointly charged with liability, we are of the opinion that appellant's rights against appellees are so closely interrelated with appellant's rights as against the remaining defendant, The Western Union Telegraph Company, that an appeal at this stage of the litigation would be improper. See: Town of Clarksville, Va. v. United States, 4 Cir., 198 F.2d 238; Republic of China v. American Express Co., 2 Cir., 190 F.2d 334 and cases cited therein; United States v. Braunstein, 2 Cir., 168 F.2d 749. Cf. Reeves v. Beardall, 316 U.S. 283, 286, 62 S.Ct. 1085, 86 L.Ed. 1478, wherein it was pointed out that the claims there involved arose out of wholly separate and distinct transactions or engagements. In the instant case we have now before us only a portion of one claim alternatively stated as against two defendants.
 
 
 6
 Appeal docketed and dismissed.
 
 
 
 Notes:
 
 
 [1]
 § 1291. Final Decisions of District Courts
 "The courts of appeal shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. June 25, 1948, c. 646, 62 Stat. 929.
 
 
 [2]
 Rule 54, 28 U.S.C.A. Federal Rules of Civil Procedure
 "* * * * *
 "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948."