**SCHOOL DISTRICT NO. 5, Appellant,**

v.

**James LUNDGREN, d/b/a Pacific Construction Company, Appellee.**

**No. 15631.**

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1958.

Banta, Silven & Horton, David C. Silven, Baker, Or., for appellant.

Justin N. Reinhardt, Reinhardt & Coblens, Portland, Or., for appellee

Before CHAMBERS, BARNES, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

James Lundgren, doing business as Pacific Construction Company, brought this action against School District No. 5, Baker, Oregon, and three architects. Jurisdiction was based on diversity of citizenship. Orders and a judgment adverse to the school district were entered, from which the district appeals.

Two causes of action were stated in the complaint, the first directed against the school district, and the second against the architects. The first cause of action alleged that there remained an unpaid balance in the sum of $65,610.36, due the contractor under two contracts for the construction of a high school building, swimming pool, and bath houses. It was also alleged that the school district insisted upon the contractor performing work not called for by the contracts, for which he was entitled to recover the sum of $167,000. Judgment in the sum of $232,610.36 was therefore sought against the school district.

In the second cause of action, the same recovery was sought against the architects. Judgment in the additional sums of $150,000 for damage to reputation, and $50,000 as punitive damages, was also sought against the architects.

The school district answered with a general denial, several affirmative defenses, and two counterclaims. Lundgren and the school district then entered into a stipulation in which they agreed to submit all issues to arbitration in accordance with the procedure set out in the United States Arbitration Act, 9 U.S.C. A. §§ 1–14. The defendant architects were not parties to this stipulation, and the record before us provides no information as to what has happened to them in this case.

Arbitration hearings were held in May and June, 1953, and decisions were rendered by the arbitration board on August 19 and December 5, 1953. The board entered its award on December 8, 1953, it being held that there was due and owing to Lundgren the sum of $58,039.81.

In this award, it is recited that the board had heard, considered, and disposed of all contentions of fact and law, except two questions of law specifically reserved for court determination. These two questions pertain to the contractor's claim for reimbursement in connection with the installation of a sound system and lockers, and his claim for damages by reason of the school district's action in terminating the contract before the work had been completed.

The contractor moved for confirmation of the award, pursuant to 9 U.S.C.A. § 9. Opposing this motion, the school district filed objections to the award. Following a hearing in the district court before the Honorable James Alger Fee, an order was entered on June 17, 1954, confirming the arbitration award in all respects. In this order, the court expressly retained jurisdiction of the cause for the purpose of making a later determination of the two questions of law which had been reserved in the award. The school district filed a timely motion for corrections, amendments, and revisions of the order of June 17, 1954.

A considerable time later, a hearing on this motion and on the issue reserved in the order of June 17, 1954, concerning installation of the sound system and lockers, was held before a different dis-

trict judge, the Honorable William G. East. Following this hearing, and on March 21, 1957, Judge East entered an order granting in part, and denying in part, the school district's motion to correct, amend, and revise the order of June 17, 1954. On April 22, 1957, the same judge entered findings of fact, conclusions of law, and a judgment, favorable to Lundgren, on the issue concerning the sound system and lockers. The net effect of the 1957 order and 1957 judgment was to require the school district to pay Lundgren $66,339.71, less certain credits and costs.

The school district has appealed from both the order of March 21, 1957, and the judgment of April 22, 1957.

Lundgren has moved to dismiss the appeal from the order of March 21, 1957. Two grounds are relied upon in support of this motion. The first of these is that this order deals with a motion made under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and that such orders are not appealable. This contention poses two questions: (1) Does the order of March 21, 1957, represent an exercise of power conferred by Rule 60 (b)? (2) If so, is an order entered in the exercise of such power appealable?

Rule 60(b) provides a method of relieving a party from a final judgment, order, or proceeding, where mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud is shown. The rule applies only to judgments, orders, or proceedings which are "final." A provision of the rule specifies that a motion made thereunder "does not affect the finality of a judgment or suspend its operation."

■ The order of June 17, 1954, did not terminate the action even with regard to the single defendant who now appeals. It was therefore not a final decision, within the meaning of 28 U.S.C.A. § 1291 (Tauzin v. Saint Paul Mercury Indemnity Co., 5 Cir., 195 F.2d 223, 225), unless made so by conformance to the requirements of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A.[1] The order did not meet these requirements unless (1) the matters undisposed of constitute separate "claims," within the meaning of that rule, and (2) the court made an express determination that there is no just reason for delay, and an express direction for the entry of judgment.

■ The term "claim," within the meaning of this rule, means a cause of action. Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 232 F.2d 190, 193. In Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297, the same result is reached by equating "claim" with "basis of liability."

The matters undisposed of by the order of June 17, 1954, consist of two out of several items of damage for which Lundgren sought recovery under his first cause of action. The basis of that cause of action, which is equally applicable with regard to all items of damage sought thereunder, is that the school district failed to discharge certain contractual duties and obligations it assumed under the construction contracts.

■ It follows that the matters undisposed of by the June 17, 1954, order do not constitute "claims" separate and apart from the matters which were adjudicated in that order. Rule 54(b), therefore, could not be applied to the order of June 17, 1954, and that order

---

1. Rule 54(b) reads as follows:
"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

must be deemed not final and not appealable.[2]

As in the case of any opinion, order, or other pronouncement which does not amount to a final judgment, the recitals and decretal provisions of the order of June 17, 1954, were subject to revision.

Such revisions would not be made pursuant to Rule 60, since that rule has reference to corrections of, or relief from, final judgments or orders. Instead, they would merely evidence an exercise of the trial court's inherent power to revise, correct, and alter its findings and conclusions prior to entry of a final judgment.[3]

The order of March 21, 1957, performed this office. It represents a revised view of the disposition to be made of all issues dealt with in the 1954 order, and in effect supersedes the 1954 order.[4] But it was no more final than the 1954 order, since there had still been no disposition of the reserved issues between appellant and appellee.

The reserved issue relating to the installation of a sound system and lockers was dealt with in the findings of fact, conclusions of law, and judgment of April 22, 1957. There was no disposition at that time, however, of the reserved issue concerning the advance termination of the contract.

The reason for this omission is apparent in the record. In the school district's motion for revisions in the 1954 order, deletion of the provision of that order reserving this issue was requested. In the order of March 21, 1957, dealing with this motion, the court denied the request for deletion.

" * * * without prejudice, however, on the part of either party,

upon reasonable notice to the other party, to call up again the segregated and reserved issue, to wit: 'whether the defendant School District No 5 breached its contracts with the plaintiff by terminating them on or about July 8, 1952, and, if so, whether it is liable to the plaintiff for damages resulting therefrom and, if so, in what amount. * * *' "

Apparently, neither party called up this issue for disposition, and so it was not dealt with in the April 22, 1957, judgment. The result is that the latter judgment is likewise not final, since there is still this unresolved issue arising from the single claim based on the construction contracts.

On the same day that the April 22, 1957, judgment was entered, an order was entered to the effect that there was no just reason for delay, and directing entry of judgment. This attempt to fulfill the requirements of Rule 54(b) indicates that the parties and the trial court understood that there was still a matter which had not been adjudicated. But this recital was ineffective in giving finality to the April 22, 1957, judgment or any prior order, because, as indicated above, the issue reserved did not relate to a separate and distinct claim.

The appeal from the order of March 21, 1957, must therefore be dismissed, not because it is an order under Rule 60(b),[5] but because, either alone or in conjunction with prior and subsequent orders, it is not a final decision. For the same reason, and upon our own motion, we must likewise hold that the appeal from the judgment of April 22, 1957, must be dismissed.

We cannot determine from the record before us whether the other defendants

---

2. Even had the first cause of action involved multiple claims, the order of June 17, 1954, would not be appealable, since the district court, with regard to that order, made no express determination that there is "no just cause for delay."

3. In the case of actions involving multiple claims, express authority to make such revisions is conferred by Rule 54(b).

4. It is expressly stated in the March 21, 1957, order that the earlier order, as revised, is "declared to have been and to be the order and judgment of this court. * * *"

5. We need not, and do not, decide whether orders entered pursuant to Rule 60(b) are appealable.

—the architects—have been dismissed out of the case, or whether the second cause of action is still pending as to them. For this reason, we have not explored the question of whether disposition of the action as to these other defendants is also necessary to give finality to a judgment herein.

The appeals are dismissed.