**BANANA DISTRIBUTORS, INC.,**
Plaintiff-Appellant,

v.

**John A. WERNER, Defendant-Appellee.**

No. 183, Docket 25368.

United States Court of Appeals
Second Circuit.

Argued Feb. 4, 1960.

Decided Feb. 26, 1960.

Thurman Arnold, Washington, D. C.
(Blackwell Smith, New York City, Arnold, Fortas & Porter, Washington, D. C., Ernest Leff, Colchester, Connecticut, Robert E. Nickerson, Greenwich, Connecticut, and Austin, Burns, Appell & Smith, New York City, on the brief), for plaintiff-appellant.

Ralph M. Carson, New York City (Hal F. Reynolds, Donald N. Dirks, and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, on the brief), for defendant-appellee.

Before MEDINA and WATERMAN, Circuit Judges, and MADDEN, Judge, United States Court of Claims.*

PER CURIAM.

The plaintiff, Banana Distributors, Inc., brought this action for treble damages under the anti-trust laws against United Fruit Company, Fruit Dispatch Company and John A. Werner, President of Dispatch, and Director of United. At the end of the plaintiff's case the action against defendant Werner was dismissed. The trial then continued terminating in a mistrial when the jury was unable to reach a verdict. This appeal is, however, only concerned with the dismissal as to defendant Werner. This judgment of dismissal contained a statement, such as is provided for in amended Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C., that there was no just reason for delay and that judgment be entered in favor of defendant Werner.

In Goldlawr, Inc. v. Heiman, 2 Cir., 1959, 273 F.2d 729, 731, rehearing denied in opinion filed on January 18, 1960, this Court held that Rule 54(b) did not allow such a finding of finality as is required for an appeal under 28 U.S.C. § 1291 in

---

* Sitting by designation.

a case "where a single claim against multiple parties is dismissed as against some but not all." A thorough scrutiny of the complaint in this case reveals no separate claim as to defendant Werner. In an attempt to avoid the impact of the Goldlawr opinion, supra, the appellants have contended that this case is distinguishable because here a different and longer statute of limitations may apply to defendant Werner than to the other defendants. However this is a matter of defense that does not change the fact that there are no separate claims against Werner. Therefore we must dismiss the appeal for want of appellate jurisdiction.

Appeal dismissed.