CMAX, INC., also D. B. A. City Messenger of Hollywood and City Messenger Air Express, Appellant,

v.

DREWRY PHOTOCOLOR CORPORATION, Appellee.

No. 17298.

United States Court of Appeals Ninth Circuit.

Oct. 24, 1961.

Phil Jacobson, H. J. Bischoff, by H. J. Bischoff, Los Angeles, Cal., for appellant.

Dunlap, Holmes, Ross & Woodson, Pasadena, Cal., for appellee.

Before BARNES, JERTBERG · and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

In this matter, we do not reach the merits because we have concluded that the "judgment" from which the appeal is taken is not final under Rule 54(b), F.R.Civ.P., 28 U.S.C. and is not appealable under 28 U.S.C. § 1291.

The complaint which was filed December 15, 1959, is in two counts. The first alleges that appellant corporation (plaintiff) is an "Air Freight Forwarder" as defined in 14 C.F.R. § 296.2(a), that it filed with the Civil Aeronautics Board its printed tariffs, as required by 49 U.S.C.A. § 1373 and 14 C.F.R. 221.3(a), that it received certain shipments from appellee (defendant), beginning in January, 1955, and continuing until to and including February, 1957, that the proper charges under appellant's tariffs was $28,781.85, that it received from appellee $16,085.76, and that it is entitled to recover the difference of $12,696.09. Jurisdiction was based upon 28 U.S.C. § 1337 and 49 U.S.C.A. § 1373.

The second count repeats all of the allegations of the first, and adds: "That * * * plaintiff entered in its books of accounts its charges as shown on air bills issued by it. That the undercharges herein involved were entered in its books of account pursuant to an audit completed in the month of August, 1959." It asserts that appellee is thus indebted to it "in the sum of $12,696.09 upon an open book account."

Appellee answered, setting up as defenses, *inter alia*, California Code of Civil Procedure § 339, subd. 1, a two year statute of limitations, and § 337, subds. 1 and 2, a four year statute of limitations. It then filed a motion for judgment on the pleadings under Rule 12(c), F.R.C.P., and for summary judgment under Rule 56(b), F.R.C.P., on the grounds that the claim was barred by the two-year statute, and that there was not, as a matter of law, any open book account upon which the action could be based. Affidavits and counter affidavits were filed in support of and in opposition to the motion for summary judgment. Appellant also moved

for summary judgment. The court denied all motions for summary judgment, but granted appellee's motion for judgment on the pleadings, as to the second count only. In its judgment of dismissal as to that count, it stated "that there is no just reason for delay in rendering and entering this judgment; and that this judgment be forthwith entered".

We are of the opinion that the order or "judgment" here involved does not fall within Rule 54(b). The "claims" stated in the complaint are really but one claim, stated in two ways, for the purpose of presenting two legal theories of recovery. The word "claim" in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts. "Rule 54(b) was originally adopted in view of the wide scope and possible content of the newly created 'civil action' in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." (Notes of the Advisory Committee on Amendments to Rules, quoted in 28 U.S.C.A., Rules 52 to 58, at page 204.) The present case does not fall within that policy; on the contrary, we think that it falls within the long-established rule prohibiting piecemeal litigation. It does not seem to us to be good judicial administration, or a reasonable construction of Rule 54(b), to have both this court and the district court simultaneously passing upon what is in substance the identical claim, we dealing with one theory, but basically the same facts, under the second count, and the district court dealing with another theory, but basically the same facts, under the first count.

It will not do to say that the entry made in appellant's books, in August, 1959, is a new set of facts, giving rise to a new and different claim, cognizable only under the second count. All of the facts stated in both counts relate to the same claim and the same asserted liability— the same cause of action in the broad sense used in Gold Seal Co. v. Weeks, 1954, 93 U.S.App.D.C. 249, 209 F.2d 802.

Here, it would still be necessary for appellant, under the second count, to prove the underlying facts pleaded in the first count, in order to recover. See Richmond v. Frederick, 116 Cal.App.2d 541, at page 548, 253 P.2d 977, at pages 981–982.

While there was uncertainty as to the meaning of Rule 54(b) as originally promulgated, and there is still some uncertainty as to the meaning of the present rule (See 6 Moore's Federal Practice, 2nd Ed., paragraphs 54.24, 54.27), it is at least clear that the rule does not apply unless "more than one claim for relief is presented in an action." And the decisions that have passed upon the question are unanimous that there is not more than one claim where but one transaction, one basic cause of action, is involved and there are not counterclaims, cross-claims, or third party claims. Luria Brothers & Company v. Rosenfeld, 9 Cir., 1927, 244 F.2d 192—one claim, multiple parties; Steiner v. 20th Century-Fox Film Corp., 9 Cir., 1955, 220 F.2d 105—similar; Carr v. City of Anchorage, 9 Cir., 1956, 235 F.2d 780, 16 Alaska 357, similar; School District No. 5 v. Lundgren, 9 Cir., 1958, 259 F.2d 101, 104; U. S. v. Burnett, 9 Cir., 1958, 262 F.2d 55; and see Wright v. Gibson, 9 Cir., 1942, 128 F.2d 865. Cf. Cott Beverage Corp. v. Canada Dry Ginger Ale, 2 Cir., 1957, 243 F.2d 795; Flynn & Emrich Company v. Greenwood, 4 Cir., 1957, 242 F.2d 737; Smith v. Benedict, 7 Cir., 1960, 279 F.2d 211; Banana Distributors, Inc., v. Werner, 2 Cir., 1960, 275 F.2d 458.

There being but one claim, so that Rule 54(b) does not apply, the court's determination, purportedly made under that rule, that there is no just reason for delay, and its direction for the entry of judgment, are without significance (School Dist. No. 5 v. Lundgren, supra, 9 Cir., 259 F.2d 101, 105; U. S. v. Burnett, supra, 9 Cir., 262 F.2d 55). It can make such a determination and direction only in a case that does fall within the rule.

The two decisions of the Supreme Court on which appellant relies do not assist appellant. Sears Roebuck & Co.

**698**

v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, involved distinct claims, and in the course of its opinion, the court said: "The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291" (351 U.S. at page 437, 76 S.Ct. at page 900). Cold Metal Process Co. v. United Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311, dealt with a counterclaim.

The appeal is dismissed.