WILLIAM FELICIANO RUIZ, ETC., ET AL., Plaintiffs and Appellants; *v.* ALFONSO DEVELOPMENT CORP. and/or GENERAL DEVELOPMENT CORP., Defendants and Appellees.

No. R-67-333.     Decided May 24, 1968.

*William Feliciano Ruiz pro se. Carlos J. Faure* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On March 24, 1965 appellants filed a suit for damages for alleged vices of construction against Alfonso Development Corporation, General Development Corporation, Guillermo Al-

fonso, and Teodoro P. Fajardo. By an order of July 16, 1965 the complaint was dismissed as to the last three defendants mentioned, because it did not contain any allegation which connected them with the cause of action exercised.[1] A few days later, on July 28, an amended first complaint was filed—the same defendants were included—which reproduced the facts stated in the original complaint, and which contained a new allegation to the effect that Alfonso Development Corporation, the builder which had executed the construction contract, had changed its corporate name to General Development and Construction Corporation, also known as General Development Corporation. Once more the dismissal was requested and decreed on September 10, 1965, as to defendants Alfonso and Fajardo, because of the absence of allegations to grant remedy against them. By virtue thereof, partial judgment was rendered, and a copy of the notice thereof was filed in the record of the case.

On January 11, 1966, General Development Corporation presented its answer, in which it admitted certain facts and denied others, and it adduced as a sole special defense the prescription of the action exercised.[2] The hearing of the case began. Continuance was granted to permit the plaintiffs to amend their allegations for the purposes of including all the construction defects for which they claimed indemnity. This second amended complaint was aimed against the two corporations only. The answer was a reproduction of the previous one.

When the hearing continued on August 30, 1966, the defendant's attorney discussed "the general situation which prevails in this case presently and in concluding he indi-

---

[1] In the 2nd paragraph of the complaint, it was alleged that ". . . on April 29, 1957 the plaintiffs and the codefendants, Alfonso Development Corp., signed a contract by which Alfonso Development Corp. bound itself to construct a concrete building for the plaintiffs . . . ."

[2] This defense had been dismissed when on July 16, 1965 the motion for dismissal of the original complaint was decided.

cated that if judgment were rendered, in due time, in favor of plaintiffs it would be academic because the defendant-corporation has been dissolved." (Minutes, Record, p. 38.) In view of this contention the continuation of the hearing was postponed in order to provide the parties, particularly the plaintiffs, with the opportunity to investigate the facts related with the alleged dissolution. We emphasize that it is on this date that defendant's attorney makes reference for the first time to the dissolution of his client.

It is necessary to point out that in the original record, there are some documents which state that: (a) on April 20, 1964 a document was sworn and signed before defendant's attorney for the dissolution of the General Development and Construction Corporation by unanimous consent of its two sole stockholders, Teodoro Fajardo and his wife Rita Vilella, accompanied by a certificate signed by the same attorney, as Secretary of the corporation, as to the identity and number of shares of said stockholders; (b) in the stockholders' meeting, held on April 20, 1964, the agreement of dissolution was formally adopted, and to accomplish the dissolution "the stockholders received the net worth of the corporation in the proportion of their respective holdings"; (c) on the same date the Secretary of the Treasury was requested to issue the corresponding certificate to the effect that the corporation does not owe any taxes, this request is still in process in spite of the many steps taken to obtain it;[3] and (d) the dissolution certificate is still in process "for failure to include . . . the corresponding values and the certification of the Secretary of the Treasury stating that the corporation does not owe any taxes to the public treasury."[4]

---

[3] The corporation has been notified periodically of the taxes pending payment, all of which have been rapidly paid in full with checks issued against the personal account of Mr. Fajardo.

[4] Section 1005 of the Corporation Law, 14 L.P.R.A. § 2005, provides that "no certificate of dissolution shall be issued under the provisions of

On September 21, 1966, the plaintiffs filed a petition in which they requested the court, in view of the documentary evidence summarized herein, to dismiss the contention of dissolution of the corporation, and to permit the amendment of the complaint to include Teodoro P. Fajardo and Guillermo Alfonso as codefendants.

On October 11, 1967, the trial court issued an elaborate order with the following pronouncements: (a) granting leave to include the spouses Fajardo-Vilella as defendants does not lie because they are protected by the exception of res judicata based on the judgment of September 10, 1965 to which we have referred; (b) in any event, any liability which they might have would be limited to the amounts received by them in dissolution; (c) the piercing of the corporate veil does not lie either, not only because it is inconsistent with the position of the plaintiffs on the subsistence of the corporation, but because this is not a case of alleged fraud; and (d) even when the corporation has not been officially dissolved *de jure*, the court "shall not exercise its jurisdiction to give effectiveness to mere technical-legal disquisitions," considering that if they obtain a favorable judgment, plaintiffs could never recover since the corporation has no assets because it distributed them between the two sole stockholders. By virtue thereof it rendered judgment dismissing the complaint. We agreed to review.

1. In the foregoing statement of facts we have made reference to the fact that the original complaint as well as the first amended complaint were dismissed as to defendant Teodoro P. Fajardo, because they did not contain any allegations which connected him with the liability required for the construction defects. We are not exaggerating when we say that the only mention of said defendant appeared in

---

section 1003 or section 1004 of this law until all taxes, penalties or fees due to or assessable by this Commonwealth have been paid by the corporation and the Department of Finance shall have so certified."

the title. The trial court believes that the judgment rendered as a result of the dismissal constitutes res judicata, and that it precludes the granting of the leave requested by the plaintiffs to include Fajardo again as defendant in view of the alleged dissolution of the General Development Corporation, and the distribution of the corporate assets.

It erred.

■■ As it is set forth in *Bolker* v. *Superior Court*, 82 P.R.R. 785, 791–795 (1961), citing Borrell y Soler, I *Derecho Civil Español* 593, it is necessary to distinguish between the two effects produced by a judgment, the positive, which consists in its execution, and the negative, *the impossibility of reproducing the controversy*. The first gives rise to the *actio judicati*, and the second to the *exceptio rei judicatae*. This latter "precludes the reproduction of the question adjudicated, *a new suit being instituted on the same matter* by those who filed the first one." After a slight examination of the situation we are considering, we see that we are not strictly dealing with a new suit, but with the same one, only that in a subsequent stage and that more decisive still, it is not the same matter, since in the previous occasion Fajardo was included, although it was not expressly alleged so as to make him and the corporation directly liable for the construction defects; now, leave is requested to join him on the grounds of a derivative liability inherent to every stockholder who receives assets from a dissolved corporation. See *Cruz* v. *Ramírez*, 75 P.R.R. 889 (1954). It may be affirmed, in effect, that there is no identity between the cause and standing in which Fajardo was originally sued, and the one which is now proposed. Neither full objective identity, nor full subjective identity.

■ We are also constrained to conclude that the judgment of dismissal gives no ruling on what constituted the nerve and root of the present suit, refraining from taking cognizance of the question in dispute. In any event it would

be a question of an alleged formal and not material res judicata, and that is when the court decides the question raised on the merits.

■■ 2. Even in the absence of the objections set forth, considering the surrounding circumstances, this is not an adequate case for the application of the exception of res judicata. It is well settled that an inflexible application of this defense does not lie when in so doing the ends of justice are defeated. *Pérez* v. *Bauzá*, 83 P.R.R. 213 (1961). The doctrine of res judicata rests upon the basic principle that there should be an end to litigation, in "a fiction of law which rests fundamentally upon a principle of convenience and procedural order." (At p. 219.)

■ An examination of the facts reveals that at the time the suit was filed, March 24, 1965, the agreement of the dissolution of the corporation had already been adopted, eleven months ago, on April 20, 1964, and they had allegedly proceeded to the distribution of the assets. When the corporation appeared to answer it informed nothing on this particular, it kept it quiet, despite the fact that it can be of fundamental importance as to the liability which the plaintiffs seek to require.[5] Under such circumstances, it would constitute a deviation of the ends of justice, to protect with the defense of res judicata a party who acts in such a manner. *Cf. Valencia Service Co.* v. *District Court*, 70 P.R.R. 299 (1949).

■ The judgment of September 10, 1965[6] which dismissed the suit against Fajardo does not constitute an estoppel to bring him again to the suit.

---

[5] See, however, § 1006 of the Corporation Law, 14 L.P.R.A. § 2006.

[6] It is debatable whether in the absence of an *express determination* to the effect that there was no reason to postpone the entering of judgment, the judgment of September 10, 1965 could be considered *final*, this being an essential element for the defense of res judicata to issue. See, Rule 44.2 of the Rules of Civil Procedure of 1958, in relation to the text

In view of the conclusion we have reached as to the propriety of the plaintiffs' request to include spouses Fajardo as defendants, it is not necessary to pass on the other aspects of the order which gave rise to the judgment on review. The judgment rendered by the Superior Court, Ponce Part, on October 11, 1967, will be set aside, and the case will be remanded for further proceedings consistent with this opinion.

---

of Federal Rule 54(b) through the revisions of 1948 and 1961; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1193.2; 6 Moore, Federal Practice, §§ 54.26 and 54.34; and specifically on the issue whether "multiple claims" include "multiple parties," *Pang-Tsu-Mow* v. *Republic of China*, 225 F.2d 543 (D.C. Cir. 1955); *Rao* v. *Port of New York Authority*, 222 F.2d 362 (2d Cir. 1955); *United Artists Corp.* v. *Masterpiece Production, Inc.*, 221 F.2d 213 (2d Cir. 1955); *Boston Medical Supply Co.* v. *Lea & Febiger*, 195 F.2d 853 (1st Cir. 1952); *Vale* v. *Bonnett*, 191 F.2d 334 (D.C. Cir. 1951); and against, *Ferguson* v. *Bartels Brewing Co.*, 284 F.2d 855 (2d Cir. 1960); *Bowling Machines, Inc.* v. *First Nat. Bank of Boston*, 283 F.2d 39 (1st Cir. 1960); *Mull* v. *Ackerman*, 279 F.2d 25 (2d Cir. 1960); *Shawe* v. *Wendy Wilson, Inc.*, 25 F.R.D. 1 (D.C. N.Y. 1960); *Brandt* v. *Renfield Importers, Ltd.*, 269 F.2d 14 (8th Cir. 1959); *Higgins* v. *Shenango Pottery Co.*, 256 F.2d 504 (3d Cir. 1958); *Reagan* v. *Traders & General Ins. Co.*, 255 F.2d 845 (5th Cir. 1958); *Luria Bros. & Co.* v. *Rosenfeld*, 244 F.2d 192 (9th Cir. 1957); *Meadows* v. *Greyhound Corp.*, 235 F.2d 233 (5th Cir. 1956); *Carr* v. *City of Anchorage*, 235 F.2d 780 (9th Cir. 1956); *Nettles* v. *General Acc. Fire & Life Assur. Corp.*, 234 F.2d 243 (5th Cir. 1956); *Hardy* v. *Bankers Life & Cas. Co.*, 222 F.2d 827 (7th Cir. 1955); *Steiner* v. *Twentieth Century-Fox Film Corp.*, 220 F.2d 105 (9th Cir. 1955). See also, Notes in 26 Geo. Wash. L. Rev. 341 (1958); 71 Harv. L. Rev. 978 (1958); 43 Va. L. Rev. 229 (1957); 62 Yale L.J. 263 (1953).

In the federal jurisdiction in 1961 any doubt on this particular vanished when the differences of interpretation were settled by an express reference to "multiple parties." See Bauman, *Multiple Liability, Multiple Remedies, and the Federal Rules of Civil Procedure*, 46 Minn. L. Rev. 729 (1962); Notes in 77 Harv. L. Rev. 601, 611–618 (1964) and 35 Tul. L. Rev. 444 (1961). A similar amendment is desirable in our Rules, since the purpose sought is a definite orientation on the final and definite character of a judgment for the purposes of determining its reviewable character. *Sepúlveda* v. *Mejías*, 86 P.R.R. 569 (1962) and *Dalmau* v. *Quiñones*, 78 P.R.R. 525 (1955) do not consider this question.