**PURDY MOBILE HOMES, INC., a corporation, Plaintiff,**

v.

**CHAMPION HOME BUILDERS CO., a corporation, and Tamarack Homes, a corporation, Defendants.**

No. C–74–31.

United States District Court, E. D. Washington.

March 3, 1976.

Robert G. Schimanski, Schimanski & Leeds, Spokane, Wash., for plaintiff.

Curtis L. Shoemaker, Paine, Lowe, Coffin, Herman & O'Kelly, Spokane, Wash., for defendants.

## MEMORANDUM AND ORDER RE ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

NEILL, Chief Judge.

In a Memorandum and Order filed on December 31, 1975, this Court granted defendant's motion for partial summary judgment dismissing plaintiff's claims under the Automobile Dealers Suit Against Manufacturers Act (15 U.S.C. § 1221 et seq.), section 2 of the Sherman Act (15 U.S.C. § 2), and section 2(e) of the Robinson-Patman Act (15 U.S.C. § 13(e)). Plaintiff still has viable claims for breach of an oral agreement, violation of the Washington Consumer Protection Act, R.C.W. 19.86 et seq. and violation of the Washington Unfair Motor Vehicle Business Practices Act, R.C.W. 46.70 et seq. Defendant now seeks to have this Court enter judgment pursuant to Fed.R. Civ.P. 54(b) with respect to the federal claims that were the subject of the partial summary judgment Order. Plaintiff objects to entry of judgment under Rule 54(b), asserting that his complaint stated only one claim; therefore, the requirements for entry of judgment in Rule 54(b) have not been satisfied.

To enter judgment under Rule 54(b) there must have been more than one claim for relief presented in the action. The word "claim" has been defined as referring to:

. . . a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts.

*CMAX, Inc. v. Drewry Photocolor Corporation*, 295 F.2d 695, 697 (9th Cir. 1961). Contrary to plaintiff's contention, the federal claims, though they may be based upon facts shared by the other claims and each other, require proof of different facts to be successful and are each separate claims for relief. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir. 1973). In *Sears* the court stated that, even though most of the claims in the complaint arose from the same facts, a Sherman Act claim was separate within the meaning of 54(b), from claims based upon common-law destruction of business, breach of contract, unfair competition, and patent infringement. In *Gas-A-Car* the court held that a claim under section 2(a) of the Robinson-Patman Act (15 U.S.C. § 13(a)) was separate and distinct from claims under sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2). Although the Robinson-Patman Act claim in this complaint was based upon section (e) and not (a) as in *Gas-A-Car*, the Court believes that both sections state a claim separate from section 1 of the Sherman Act. Therefore, based upon *Sears* and *Gas-A-Car* the Court believes that the Sherman Act and Robinson-Patman Act claims in plaintiff's complaint state separate claims for relief within the meaning of Rule 54(b). The claim resting upon the Automobile Dealers Suit Against Manufacturers Act is obviously a separate claim because the Act provides relief to automobile dealers whose franchises have been wrongfully terminated and it requires very particularized facts.

A second requirement that must be satisfied before judgment is entered under Rule 54(b) is that the claims adjudicated must be finally decided. The partial summary judgment Order of this Court was a final adjudication of plaintiff's federal claims and judgment pursuant to that order will be a final judgment.

The last requirement for entry of judgment under 54(b) is a finding by the Court that there is no just reason for delaying entry of final judgment. This determination requires the trial court to exercise its discretion as a "dispatcher" by "dispatching" final decisions on claims to appellate courts when they are ready for appeal. *Sears*, 351 U.S. at 435, 76 S.Ct. 895. There is a firm belief in the appellate courts that this discretion should be exercised cautiously and infrequently. *See Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975) and cases cited therein.

The judgment on these claims falls within that category of final judgments where there is no just reason for delaying entry of final judgment. The Court's prior Order deprived plaintiff of claims upon which he might have recovered treble damages. If that Order was incorrect plaintiff has been foreclosed from pursuing an important avenue of relief. If that Order was incorrect and plaintiff must wait to appeal until after the trial on the remaining claims, there is great likelihood that a second trial will be required and consume valuable judicial resources. In addition, the prior Order of this Court rested partially upon an interpretation of the Robinson-Patman Act that is not accepted by all those courts that have ruled on the matter. *Cf. Centex-Winston Corp. v. Edward Hines Lumber Co.,* 447 F.2d 585 (7th Cir. 1971), *cert. denied,* 405 U.S. 921, 92 S.Ct. 956, 30 L.Ed.2d 791 (1972), with *David R. McGeorge Car Co.,* Inc. *v. Leyland Motor Sales, Inc.,* 504 F.2d 52 (4th Cir. 1974), *cert. denied,* 420 U.S. 992, 95 S.Ct. 1430, 43 L.Ed.2d 674 (1975), and *Cecil Corley Motor Co., Inc. v. General Motors Corp.,* 380 F.Supp. 819 (M.D.Tenn.1974). For the above reasons the Court finds there is no just reason for delaying entry of final judgment concerning the claims that were dismissed by the order of this Court dated December 31, 1975.

WHEREFORE, it is ORDERED that the Clerk enter final judgment under Rule 54(b) granting defendant's motion for partial summary judgment and dismiss the federal claims described in the order of this Court dated December 31, 1975.