## Tismo v. Tismo
*[Cite as 6 AOA 101]*

*Case No. 1917*
*Lawrence County, (4th)*
*Decided August 28, 1990*

*Richard L. Eisnaugle, Portsmouth, Ohio, for Appellant.*

*J.B. Collier, Jr., Collier and Collier, Ironton, Ohio, for Appellee.*

HARSHA, J.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas which granted a divorce to Patrio Tismo, plaintiff-appellee, and Myrna Tismo, defendant-appellant. The court awarded custody of the parties' minor child, Jasmine Tismo (d.o.b. 12-14-73), to appellee, divided the marital assets of the parties, and further ordered Patrio Tismo to pay Myrna Tismo $1,250.00 per month in "support alimony" for a period of four years. We dismiss *sua sponte* for lack of jurisdiction.

Appellant assigns the following errors:

"1. THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR PREJUDICIAL TO THE APPELLANT WHICH AMOUNTED TO

AN ABUSE OF DISCRETION IN MAKING A SUSTENANCE ALIMONY AWARD IN THE AMOUNT DETERMINED BY THE COURT AND IN FAILING TO PROVIDE FOR MODIFIABILITY OF SUCH ALIMONY.

"2. THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR PREJUDICIAL TO THE APPELLANT WHICH AMOUNTED TO AN ABUSE OF DISCRETION IN MAKING AN INEQUITABLE DIVISION OF THE HOUSEHOLD GOODS AND FURNISHINGS.

"3. THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR PREJUDICIAL TO THE APPELLANT WHICH AMOUNTED TO AN ABUSE OF DISCRETION IN IMPROPER-LY VALUING THE APPELLEE'S PROFES-SIONAL CORPORATION (MEDICAL PRACTICE).

"4. THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR PREJUDICIAL TO THE APPELLANT WHEN HE INCLUDED THE TAHANAN PROPERTY AS A MARITAL ASSET HAVING A VALUATION OF EIGH-TEEN THOUSAND SEVEN HUNDRED TWENTY NINE AND 60/100 DOLLARS $18,729.60."

On April 28, 1963, the parties were married, and subsequently, had four children, John Tismo (d.o.b. 2-20-64); Pierre Tismo (d.o.b. 5-11-66); Janine Tismo (d.o.b. 3-7-71); and Jasmine Tismo (d.o.b. 12-14-73). The latter two children resided with appellee during these proceedings.

On September 28, 1987, appellee filed a complaint which prayed for a divorce from appel-lant on the grounds of gross neglect of duty, extreme cruelty, and adultery. Appellee's com-plaint also prayed for custody of the parties' minor children, reasonable child support, and an equitable distribution of the parties' assets. On September 30, 1987, appellant filed an answer to appellee's complaint as well as a counterclaim for divorce. On April 17, 18, and 19, 1989, a trial was held before the court below upon appellee's complaint and appellant's counterclaim. On May 9, 1989, appellant filed an amended answer and counterclaim.

On August 2, 1989, the trial court entered a judgment granting a divorce to the parties on the basis that they had lived separate and apart without cohabitation for a period in excess of one year, and additionally divided the marital assets of the parties, ordered appellee to pay appellant

"support alimony" in the amount of $1,250 per month for four years, and awarded custody of the parties' only minor child at the time of the entry, Jasmine Tismo, to appellee. The August 2, 1989 entry explicitly stated that "[i]t is further OR-DERED, ADJUDGED and DECREED that, the matter of child support be continued." No support entry is contained in the record. Appellant filed a notice of appeal and an amended notice of appeal from the trial court's August 2, 1989 entry.

Section 3(B)(2), Article IV of the Ohio Consti-tution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judg-ments or final orders of the courts of record inferior to the court of appeals within the district ***." Every final order may be reviewed on appeal. R.C. 2505.03(A). R.C. 2505.02 defines three types of final orders:

"(1) an order affecting a substantial right in an action which, in effect, determines the action and prevents a judgment;

"(2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or

"(3) an order vacating or setting aside a judgment or granting a new trial." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St. 3d 86,87-88.

In a divorce action, several attendant legal issues are considered, e.g. alimony, custody, child support, and property division. Manifestly, an entry that grants the parties a divorce but defers one or more other divorce issues for further consideration affects "substantial right[s]" of the parties. However, to constitute a final order pursuant to R.C. 2505.02, the entry in the instant case (which defers the issue of child support) must additionally either: "(1) determine the action and prevent a judgment, see, e.g. *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St. 3d 124; or (2) have been made in a special proceed-ing."[1]

Initially, we are persuaded that the divorce decree, by failing to determine the child support issue, neither determined the entire action nor prevented a judgment. As to whether the divorce decree was an order made in a special proceed-ing, the Supreme Court of Ohio has set forth a "balancing test" which weighs the harm to the prompt and orderly disposition of litigation and the consequent waste of judicial resources result-ing from the allowance of an appeal with the need for immediate review because appeal after

final judgment is not practicable. *Amato v. General* Motors Corp. (1981), 67 Ohio St. 2d 253, at 258; *Guccione v. Hustler Magazine* (1985), 17 Ohio St. 3d 88; *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App. 3d 76. The basic underlying theme of *Amato* and its progeny seems to be that a party should be granted an immediate right of review where the harm resulting to that party from the order sought to be reviewed is both extreme and irreparable as a practical matter. *Galbreath v. Galbreath* (June 13, 1989), Franklin App. No. 89 AP-103, unreported, p. 7. In the case at bar, and emphasizing the necessity of avoiding multiple piecemeal appeals, we hold that a divorce decree which defers attendant issues such as child support for future consideration is not a final appealable order pursuant to R.C. 2505.02 since any temporary harm to the parties is outweighed by the waste of judicial resources resulting from the allowance of an appeal. That is, it is not impractical to force parties to the divorce proceeding to wait until the resolution of all issues before allowing an appeal. We note that often in divorce cases in which a permanent child support order has not been issued, the custodial parent is granted temporary child support pending disposition of that issue.

Additionally, it is well settled "that the entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby *retaining jurisdiction for further proceedings." Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St. 2d 303, 306. (Emphasis added). A final order is one disposing of the whole case or some distinct branch thereof. *Id.* Accordingly, we are without jurisdiction to consider the merits of the instant appeal because the entry appealed from is not a final order pursuant to R.C. 2505.02.

Moreover, assuming *arguendo* that the divorce decree in the case *sub judice* satisfied R.C. 2505.02, we are not persuaded that the order appealed from is a final appealable order since in order to be appealable, the order must meet the requirements of *both* Civ. R. 54(B), if applicable, and R.C. 2505.02. *Chef Italiano, supra,* at syllabus. An order which adjudicates one or more but fewer than all the claims or rights and liabilities of the parties, must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable. *Noble v. Colwell* (1989), 44 Ohio St. 3d 92, syllabus.

Civ. R. 54(B) provides as follows:

"When *more than one claim for relief* is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but *fewer than all of the claims* or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

Civ. R. 54(B) applies only when there is either a multiplicity of claims and/or parties involved in an action. A definition of the term "claim" is not provided for by the rules themselves nor, apparently, has a precise definition been affixed thereto by an Ohio court. However, the provisions of Ohio Civ. R. 54(B) are based upon the provisions of F.R.C.P. 54(b). *See* Staff Notes to Civ. R. 54(B) in 10 West's Ohio Practice (1970) 213. Thus, it is appropriate to inquire as to whether the issue has been considered by the federal courts.

However, in analyzing the decisions of federal courts on this issue, the line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure, and it is not always easy to tell whether a case involves multiple claims or a single claim supported by multiple grounds. 10 Wright, Miller and Kane, Federal Practice and Procedure (1983), Section 2657, p. 60-61. Under the approach favored by the foregoing treatise authors, the ultimate determination of multiplicity of claims must rest in every case upon whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced. *Id.,* at p. 65; *Rieser v. Baltimore & Ohio R.R. Co.* (C.A. 2 1955), 224 F. 2d 198, 199, *cert. denied* (1956), 350 U.S. 1006. A single claimant presents multiple claims for relief under this formulation when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action. 10 Wright, Miller and Kane, Federal Practice and Procedure (1983), Section 2657, p. 67. Therefore, only one claim is advanced where there is only one basic cause of action and there are no counterclaims or third party claims. *CMAX, Inc. v. Drewry Photocolor Corp.* (C.A. 9

1961), 295 F. 2d 695; see, also, *Spiegel v. Trustees of Tufts College* (C.A. 1 1988), 843 F.2d 38, 44 at fn. 6.

The case at bar is a divorce case and had no other claims. Included in the claim for divorce are several requests for relief: property division, alimony, custody, child support, etc. In the case *sub judice* the court below did not decide the issue of child support but instead continued the matter. Therefore, even an express determination by the trial court of no just reason for delay pursuant to Civ. R. 54(B) would not have rendered the divorce decree final and appealable. Accordingly, for the foregoing reasons, we are without jurisdiction to consider the merits of the appeal and, consequently, the appeal is dismissed.[2]

---

[1] The other types of final orders are inapplicable to the entry in the case at bar.

[2] In so holding, we note that at least one Ohio appellate court has held otherwise on this issue. See *Kepple v.* Kepple (Feb. 15, 1989), Summit App. No. 13740, unreported, where the Ninth District Court of Appeals held that, pursuant to Civ R.54(B), no appeal could be taken from a divorce decree which did not decide the issue of custody where there was no express determination of no just reason for delay, thereby implying that such a determination would have rendered the entry final and appealable; cf., also, *Rader v.* Rader (Oct. 25, 1989), Delaware App. No. 89 CA 20, unreported, where the Fifth District Court of Appeals held that a trial court errs as a matter of law when it attempts to separate or bifurcate the fiscal issues in from the merits of the divorce.

We further note that the Illinois Supreme Court has held that issues raised in a dissolution of marriage are not separate claims and therefore are not appealable under an Illinois Supreme Court rule which is analogous to Civ. R. 54(B). In re *Marriage of Leopondo* (Ill. 1983), 449 N.E. 2d 137. It has been held that judgments for dissolution which reserve some issues do not fall within the scope of the provision for review of interlocutory orders, since no multiple claims are involved. *In re Marriage of Lord* (Ill. App. 1984), 465 N.E. 2d 151; see also *Odom v. Odom* (Tex. App. 1984), 683 S.W. 2d 135; but see *Quigley v. Quigley* (Md. App. 1983), 456 A. 2d 1305. Analogously, a decree in a divorce proceeding such as the case at bar which does not resolve the claims inherent in the divorce is also not appealable since the issues are not separate "claims" for purposes of Civ. R. 43(B).