**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC ZEITLIN, | No. 23-4035 |
| Plaintiff - Appellant, | D.C. No. 1:20-cv-01067-CL |
| v. | |
| NATALIE M. WETENHALL, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted December 3, 2024**
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

After two failed sales of his property, Eric Zeitlin filed suit against Natalie

Wetenhall, asserting a single claim of legal malpractice and seeking compensatory

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and consequential damages.[1] The district court granted Wetenhall's motion for partial summary judgment as to compensatory damages. It then certified this judgment as final under Federal Rule of Civil Procedure 54(b). We review for abuse of discretion a district court's entry of final judgment under Rule 54(b). *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Although no party disputes the district court's exercise of discretion in this case, we must review it to satisfy ourselves that we have subject matter jurisdiction to hear this appeal." *Id.* We dismiss for lack of appellate jurisdiction.

"An order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all of the claims." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (citation omitted). Rule 54(b) offers an exception: "When an action presents more than one claim for relief, . . . [a district] court may direct entry of a final judgment as to one or more, but fewer than all, of the claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to

---

[1] Zeitlin seeks $1.7 million in compensatory damages for "attorney fees, application fees, transfer fees, the purchase price of the property, the improvements made to the property, and the contracts with employees." He seeks $2.0 million in consequential damages for "lost current and future income."

render it appealable." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). It simply permits a district court to decide "when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Although Zeitlin seeks both compensatory and consequential damages, he brings only one claim for relief. We have long maintained that "[t]he word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts." *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961). The Supreme Court has likewise held that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 n.4 (1976). In such circumstances, as here, Rule 54(b) does not apply. *See, e.g.*, *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991) (holding that a punitive damages count does not present a separate "claim" from compensatory damages counts). As the underlying claim has yet to be resolved, we lack jurisdiction over this appeal, and it is **DISMISSED.**