**UNITED STATES of America,**
**Appellant,**

v.

**Pearl BURNETT, Appellee.**

**No. 15486.**

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1958.

As Amended on Denial of Rehearing
Jan. 6, 1959.

George Cochran Doub, Asst. Atty. Gen., Alan S. Rosenthal, Paul A. Sweeney, Attys., Dept. of Justice, Washington, D. C., George M. Yeager, U. S. Atty., Fairbanks, Alaska, for appellant.

Robert A. Parrish, Fairbanks, Alaska, for appellee.

Before HEALY, POPE and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

The appellee, as plaintiff, brought suit against the United States claiming damages under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The complaint alleged that the United States, as owner and operator of the Fairbanks International Airport, had been guilty of negligence in permitting an accumulation of ice and snow at places where passengers were unloaded from arriving airplanes; and that on her discharge from an airplane at that place, because of the slippery condition of the pavements where she was obliged to walk, plaintiff fell and received severe and extensive personal injuries.

When the case came on for trial, the court suggested that it proposed to try first the issue of liability and then go into the matter of damages, providing

liability were established and found. Counsel apparently acquiesced in the court's proposal, and accordingly witnesses were called, first by the plaintiff and then by the defendant, and examined with respect to matters relating to the liability of the Government for the plaintiff's injuries.

At the conclusion of that testimony the question of whether the Government was liable was argued by counsel. The court then reviewed the evidence and concluded: "I am obliged to find that the defendant is liable for the injury sustained by the plaintiff. We will take up tomorrow the matter of damages." Thereafter the parties, both plaintiff and defendant, proceeded to call and examine witnesses relating to the question of damages.

The court then filed on November 27, 1956 its findings of fact and conclusions of law in which it found that the Government's agents had been guilty of negligence in the maintenance of the airport; that in consequence the plaintiff slipped on the pavement and received the injuries of which she complained. It listed the specific items of plaintiff's damages which included medical and nursing bills, loss of earnings, pain, discomfort and inconvenience. These totaled $11,249.60. These damages were described as the plaintiff's "present damage to date", and the findings reflected what the court announced at the conclusion of the testimony previously referred to, namely, that "the matter of the future damage, especially respecting the question of permanent total or partial disability is reserved for future determination at the expiration of six months from date or as soon thereafter as the matter can be considered or again be heard."

Finding VI was as follows: "The Court further finds that there is no just reason for delay with respect to the entry of final judgment with regard to plaintiff's claim of present damage to date, and that with regard to plaintiff's claim of present damage to date, final judgment should be entered; that the question of future damages should be reserved within the jurisdiction of this court for a period of six (6) months, until all healing processes within the plaintiff's leg and knee are completed." [1]

On the same day, November 27, the court filed and entered what it called a "Judgment" which reflected the provisions of the findings and conclusions just referred to, adjudging plaintiff to be entitled to recover damages of $11,249.60. It was further ordered and adjudged that plaintiff's claim for future damages was reserved within the jurisdiction of the court for a period of six months or until such further time "as the same can be conveniently heard before this court." The judgment also recited "that there is no just reason for delay in the entry of final judgment with regard to the sum above stated." [2]

The Government appealed from this judgment of November 27, 1956. The record discloses further that on May 23, 1957, approximately six months after the entry of that judgment, the court proceeded, over the objections of the

---

1. This was followed by conclusions of law 1 and 2, as follows:

   "I. That judgment should be entered with respect to plaintiff's damage to date as a final judgment which is and shall not be subject to revision or review by this court upon final hearing as herein provided.

   "II. The matter of the plaintiff's claim for future damages and injuries shall be retained within the jurisdiction of this court for a period of six (6) months or such time thereafter until said claim may be heard before the above-entitled court."

2. The transcript shows that prior to the entry of the judgment in this form the court discussed at some length the question of whether Rule 54(b) of the Rules of Civil Procedure, 28 U.S.C.A. would permit the entry of a judgment of this kind awarding damages for "present damages" and reserving for later determination the question of "future damages or disability." The court said: "I am thinking that Mrs. Burnett should have some relief at the present time; some financial relief. Without a judgment for a fixed sum I presume the Government would not pay."

Government, to take further testimony.[3] Thereafter, on July 26, 1957, the court made further findings and conclusions to the effect that in addition to the damages for which judgment was awarded on November 27, 1956, plaintiff was permanently disabled and would suffer loss of earnings in the future for which she was entitled to the sum of $23,879.90 "which is in addition to the former judgment entered herein on November 27, 1956." Judgment to that effect was entered on the same day and the record shows that the Government promptly filed notice of appeal from this second or additional judgment.

The point urged by the Government upon its appeal is that the court was without power to enter a final judgment for damages up to the date of trial and then at a subsequent time enter a second final judgment with respect to the alleged permanent partial disability; that the court erred in not holding that plaintiff could recover only the damages "proven by her during the November 1956 trial, and encompassed in the November 27, 1956 judgment"; that the court erred in including in that judgment a reservation of jurisdiction to award further damages; that such reservation of jurisdiction was without effect; that the earlier judgment was an absolute bar

to the entry of a further judgment; and that it was error to enter the judgment of July 26, 1957.

Although the record brings before us two appeals, one from each judgment, the primary point raised here is that the second judgment is void and unauthorized. The only point made with respect to the first judgment is that the court was without power to reserve jurisdiction to enter a second judgment and that that portion of the first judgment should be disregarded.[4]

The Government contends that applicable here is the principle that the plaintiff may not split a single cause of action for a single tort; that all damages of whatever nature, both present and prospective, must be recovered in a single action for such a tort, and that a recovery of part of such damages bars another action for the remainder. It contends further that Rule 54(b) is inapplicable here for the reason that there was before the court but a single claim for relief, and that the rule by its own terms is applicable only "when more than one claim for relief is present in an action."

■■ It is plain that the trial court was mistaken in assuming that it could proceed as it did to enter separate judgments for different items of damages

3. The Government's objection was as follows: "May it please the Court, the Government at this time objects to any further proceedings in this matter in view of what we consider final judgment by the Court on November 27, 1956. In view of that judgment entered in this case of Pearl Burnett v. United States, it is the contention of the Government that this Court does not have jurisdiction to conduct any further proceedings in this case. You might note, your Honor, that I said in view of the Government's contention that final judgment entered on Nov. 27. I understand the Court does not consider that a final judgment of the case. However, it is the contention of the Government that only one judgment can be entered in a Federal tort claims case and that judgment should be considered a final judgment of the case."

4. The Government's brief contains the following footnote: "It was only out of an abundance of caution that the Government took any appeal from the November 1956 judgment. As previously seen, we have never challenged (or intended to challenge) the correctness of the recovery granted to appellee therein. Instead, we stress again, at all times our sole concern has been with the action of the court below in entering a second judgment. It may well be that the appeal taken from the second judgment was all that was necessary to place the matter before this Court—if so, the Court may wish to dismiss our appeal from the November judgment as superfluous. Since, however, the November judgment contained a portent of later developments, we felt that a limited appeal—directed exclusively to that part which manifested the court's intention to take further action beyond its jurisdiction—was an appropriate precautionary measure."

simply by including in its findings and judgment a determination "that there is no just reason for delay." The complaint presented but a single claim. As to this there is no doubt or ambiguity in the complaint. Rule 54(b) was therefore wholly inapplicable. "The amended rule does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided. It is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297.[5]

■ We view the result of the unsuccessful effort to enter a piecemeal judgment on November 27, 1956, and to make it final for purposes of an appeal, by making an express determination that "there is no just reason for delay", somewhat differently than does the appellant. In our view, the legal effect of what the court did was to announce and enter an interlocutory decision on that day; but the judgment and the findings then made and entered made it clear that the court had not finally disposed of the law suit upon which it had entered. In substance the judge said: "I have now made a decision as to the question of whether the defendant is liable and as to the amount of damages suffered by the plaintiff up to the date of trial, but there remains for later determination the question of what damages resulting from the tort will be suffered in the future and I will get around to hearing that question later." The power of the court to hear some of the issues first and postpone a hearing on the others until a later date cannot be questioned. Rule 42(b).

The position of the Government appears to be that we must treat the judgment of November 27, 1956, as a final one. Of course if it was a final judgment in the cause the court would be without power to add something to plaintiff's recovery at a later date. It is manifest, however, that this was not a final judgment; that it was not appealable and cannot be made so. As indicated in Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 89, 42 S.Ct. 196, 66 L.Ed. 475, the character of a judicial act is to be determined "by its own essential purport and effect not by the statements of the pleaders about it." In spite of the language of the court in calling it such, this was not a final judgment. Its own essential purport and effect was to dispose of only a portion of the issues presented by the single claim.

■ We are without jurisdiction of the purported first appeal and it must be dismissed.

With respect to the appeal which followed the judgment of July 23, 1957, we think that the proper disposition of the case, in view of the misunderstanding which attended the action of the district court, is to remand the cause for further consideration by the court in the light of this opinion; upon such remand it will be within the discretion of the court to permit either party to offer additional evidence should application be made for that purpose. In any event, the court should then enter such final judgment, consistent with this opinion, disposing of the entire case as the facts and the law may require. This means that the court should proceed as if neither of its so-called "judgments" had been entered. It will then be within the discretion of the court to make findings and enter a judgment upon the whole case and all of

5. The proposition that Rule 54(b) has no application where but a single claim is involved is the foundation for those decisions dealing with the question whether the rule may be applied where multiple parties are jointly claiming or jointly charged upon a single claim. See Steiner v. 20th Century-Fox Film Corp., 9 Cir., 220 F.2d 105; Carr v. City of Anchorage, 9 Cir., 235 F.2d 780, 781. See Moore's Federal Practice, 2d ed., Vol. 6, p. 248: "In brief, when multiple parties are 'jointly' claiming or 'jointly' charged only one claim is involved as to that interest, and there is no warrant in the amended Rule to treat a partial adjudication of that interest or 'claim' as a final judgment."

the issues therein, unless the court shall, also at its own discretion, permit the cause to be reopened for the taking of further testimony upon such questions or issues as it may determine to be appropriate.

It is so ordered.