**INTERNATIONAL CONTROLS CORP.,**
**Plaintiff-Appellee,**

v.

**Robert L. VESCO et al., Defendants,**

**and**

**Vesco & Co., Inc., Defendant-Appellant.**

**No. 694, Docket 75–7548.**

United States Court of Appeals,
Second Circuit.

Argued March 8, 1976.

Decided May 13, 1976.

James J. Shrager, Newark, N. J. (Hannoch, Weisman, Stern & Besser, Newark, N. J., Susan I. Littman, West Orange, N. J., on the brief), and Arum, Friedman & Katz, New York City, for defendant-appellant.

Milton S. Gould, New York City (Shea, Gould, Climenko, Kramer & Casey, New York City, Daniel L. Carroll, New York City, of counsel), for plaintiff-appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Vesco & Co., Inc. (hereinafter the Company) is a personal holding company owned and controlled by financier Robert L. Vesco (hereinafter Vesco) and his family. The Company appeals from a decision rendered against it on August 22, 1975, in the United States District Court for the Southern District of New York (Charles E. Stewart, Jr., *Judge*). That decision permits plaintiff-appellee International Controls Corp. (hereinafter ICC) to pierce the Company's corporate veil and use the Company's corporate assets to satisfy a judgment entered against Vesco personally.

For the reasons outlined below, we remand this controversy to the district court for further proceedings.

### I. Background

The instant appeal stems from the continuing efforts of ICC to recover damages

against Vesco, his associates and various corporations controlled by the Vesco interests. Since the earlier stages of this saga have been examined elsewhere, *International Controls Corp. v. Vesco*, 490 F.2d 1334 (2d Cir. 1974), it is necessary for us to describe here only the most recent events in this extended litigation.

On June 7, 1973, the Special Counsel for ICC filed an action charging Vesco, Vesco's associates and many of the companies controlled by Vesco with having violated § 10(b) of the Securities Exchange Act of 1934, Rule 10b–5 of the Securities and Exchange Commission and a variety of common law fiduciary duties. 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b–5. The heart of ICC's complaint against Vesco and his co-defendants is their alleged waste and misuse of ICC's corporate assets to the detriment of ICC's other shareholders.

On October 5, 1973, a default judgment was entered against Vesco, as a result of Vesco's failure to appear in the Southern District of New York along with the other defendants. The judgment of October 5, 1973, while establishing Vesco's personal liability, did not fix the amount of damages.

Following several hearings on the question of damages, a second default judgment was entered against Vesco on July 12, 1974. This latter judgment specified damages of $2,422,466.72, but left open the possibility that ICC might be able to prove further damages in subsequent proceedings.

Thus armed with two default judgments against Vesco, ICC attempted to satisfy its judgments with the corporate assets of the Company. ICC argued that the facts of the case warranted the piercing of the Company's corporate veil and the use of the assets of the Company to satisfy the judgments entered against Vesco personally. On August 22, 1975, Judge Stewart accepted ICC's arguments and issued an order authorizing ICC to satisfy its default judgments against Vesco with the assets of the Company.

It is from the order of August 22, 1975, that the Company appeals.

The Company advances four arguments for the reversal of Judge Stewart's order of August 22, 1975. First, the Company asserts that it was improper for the district court to pierce the Company's corporate veil and allow ICC to use the Company's assets to satisfy personal judgments against Vesco.

Second, the Company argues that the two default judgments which the execution order of August 22, 1975, is intended to satisfy were entered improperly since the Company was denied the right to present Vesco's personal defenses before the entry of the default judgments. Had Vesco been present to defend himself, the Company asserts, he would have raised two issues, alleged defects in the service upon him and alleged defects in ICC's pleadings below. Had these defenses been entertained by the court, the Company continues, they would have prevented the entry of default judgments against Vesco and thereby would have eliminated the basis for the subsequent execution order against the Company. It was thus a mistake, the Company concludes, for Judge Stewart to forbid the Company to raise those personal defenses on Vesco's behalf.

The Company argues, third, that certain assets which it holds are owned beneficially by Vesco's children and that those assets should be removed from the scope of the August 22, 1975, execution order. Finally, the Company asserts that the two default judgments entered against Vesco were not final and that, therefore, they cannot provide the basis for the subsequent execution order issued against the Company on August 22, 1975.

Since it is unclear from the record below whether, in fact, the default judgments against Vesco were final and therefor subject to execution, we remand for further proceedings.

## II.   The Issue of Finality

■ It is well-established that "execution ordinarily may issue only upon a final judgment." *Redding & Co. v. Russwine Con-*

*struction Corp.*, 135 U.S.App.D.C. 153, 417 F.2d 721, 727 (1969); 33 C.J.S. Executions § 6c.

■ The order issued by Judge Stewart on August 22, 1975, was the first step in ICC's efforts to secure execution of the two default judgments entered earlier against Vesco. Hence, the validity of the August 22, 1975, execution order against the Company depends upon the finality of the earlier default judgments which that execution order is intended to satisfy. Only if the underlying judgments against Vesco are final is the subsequent execution order against the Company valid.

The Company argues that the default judgments entered against Vesco were not final. The Company points out that the first judgment entered against Vesco on October 5, 1973, did not specify the damages owed by Vesco to ICC. The failure to so specify, the Company claims, makes the first judgment interlocutory, rather than final, in nature.[1]

---

1. The judgment of October 5, 1973 reads as follows:

Judgment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Civ. Action No. 73 Civ. 2518 (CES)

INTERNATIONAL CONTROLS CORP.,

Plaintiff,

—against—

ROBERT L. VESCO, et al.,

Defendants.

JUDGMENT

This action having been commenced by the filing of a complaint and the issuance of a summons on the 7th day of June, 1973, and this court by order dated July 27, 1973, having authorized Lois Sylor Yohonn to effect service of process herein on defendant Robert L. Vesco, and a copy of the said summons and complaint having been duly served on defendant Robert L. Vesco by Lois Sylor Yohonn on the 30th day of July, 1973, and proof of such service having been filed in the office of the Clerk of this Court on the 6th day of August, 1973; and

Defendant, ROBERT L. VESCO, having failed to plead, appear, move or otherwise defend with respect to the complaint herein, and the time for said defendant to appear, answer or otherwise move having expired, and said defendant's default having been noted and entered;

AND, it appearing to the court that there is no just reason for delay in entering the within judgment against defendant Robert L. Vesco;

Now, on motion of Shea Gould Climenko & Kramer attorneys for the plaintiff, and, upon the affidavit of Sheldon D. Camhy, sworn to the 2nd day of October, 1973 that defendant Robert L. Vesco is not an infant or incompetent person and is not in the military service of the United States; it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff have judgment against the defendant Robert L. Vesco as demanded in the complaint herein; and it is further

ORDERED, ADJUDGED AND DECREED that defendant Robert L. Vesco be, and he hereby is, permanently enjoined from using the assets of plaintiff or its subsidiaries or the proceeds thereof for his own purpose to the loss and detriment of International Controls Corp. and its shareholders; and it is further

ORDERED, ADJUDGED AND DECREED that defendant Robert L. Vesco account to plaintiff for all profits or gains received by him or those acting in concert with or aiding and abetting him in the transactions set forth in the complaint herein or in transaction thereafter entered into by him with funds or property wrongfully held by him by reason of the wrongful acts set forth in the complaint and all injury sustained by plaintiff by reason of the acts alleged in the complaint; and it is further

ORDERED, ADJUDGED AND DECREED that Robert L. Vesco be and he hereby is required to indemnify plaintiff for all liability to others which it has or may incur by reason of the acts alleged in the complaint; and it is further

ORDERED, ADJUDGED AND DECREED that defendant Robert L. Vesco be and he hereby is, liable to plaintiff for all loss, damage, cost and expense arising from the acts alleged in the complaint herein and that the amount of said loss, damage, cost and expense be determined by the Court upon a hearing; and it is further

ORDERED, ADJUDGED AND DECREED that the aforesaid hearing as to plaintiff's loss, damage, cost and expense be set down and held on a day designated by plaintiff, upon the plaintiff giving defendant Robert L. Vesco ten days notice of said hearing by registered or certified mail at Brace Ridge Road, Nassau, The Bahamas and 170 Denville Road, Boonton Township, New Jersey 07005; and it is further

With respect to the second judgment entered on July 12, 1974, the Company points out that the judgment affords ICC the opportunity to prove additional damages in subsequent proceedings.[2] In addition, the Company points out that the judgment of July 12, 1974, does not contain the certification of finality required by Rule 54(b) of the Federal Rules of Civil Procedure in cases, such as this, where judgment is entered against one defendant while the other codefendants continue to contest liability in the district court. Fed.R.Civ.P. 54(b).[3]

■ These two flaws in the second judgment, the Company maintains, make that judgment interlocutory also. Hence, the Company concludes, neither judgment against Vesco is final and thus the execution order issued against the Company on August 22, 1975, is invalid in the absence of an underlying final judgment.[4]

[2]. The judgment of July 12, 1974, reads as follows:

ORDERED, ADJUDGED AND DECREED that upon the holding of the aforesaid hearing as to plaintiff's damages and the determination of said damages, the within judgment be amended granting plaintiff judgment against defendant Robert L. Vesco for the amount of such loss, damage, cost and expense together with interest and costs and disbursements of this action and that such amended judgment be entered against defendant Robert L. Vesco; and it is further

ORDERED, ADJUDGED AND DECREED that plaintiff shall have the right to apply at the foot of said judgment for such other and further relieve [sic] as to the Court may seem just and proper in the circumstances.

/s/ Charles E. Stewart, Jr.
U.S.D.J.

The judgment of July 12, 1974, reads as follows:

Judgement [sic]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Civ. Action No. 73 Civ. 2518 (CES)

INTERNATIONAL CONTROLS CORP.,

Plaintiff,

—against—

ROBERT L. VESCO, et al.,

Defendants.

JUDGMENT # 74,584

A judgment having been entered herein against Robert L. Vesco on October 5, 1973;

AND this cause having been brought on for partial inquest before the Court on May 14 and 22, 1974 and July 12, 1974, after the required notice was given to defendant Robert L. Vesco, and plaintiff having offered proof establishing damages in the amount of $2,188,354.93; it is hereby

ORDERED, ADJUDGED AND DECREED that the plaintiff recover of defendant Robert L. Vesco the sum of $2,188,354.93, plus interest on said sum at the rate of 6% from March 1, 1973, or a total of $2,422,466.72 and that plaintiff have execution therefor; and it is further

ORDERED, ADJUDGED AND DECREED that plaintiff shall have the right to prove such additional loss, damage, cost and expense it has suffered by reason of the acts alleged in the complaint, the amount of such additional loss, damage, cost and expense to be determined by the Court upon an additional hearing or hearings to be held as provided for in said October 5, 1973 judgment.

Dated: New York, New York
July 12, 1974
/s/ Charles E. Stewart, Jr.
U.S.D.J.

[3]. Rule 54(b) reads as follows:

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b).

[4]. The Company also argues that, notwithstanding the terms of Rule 54(b), the decision of the United States Supreme Court in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), still forbids the entry of a final judgment against one defendant while the others continue to contest liability in the district court. We think it is most unlikely that *Frow* retains any force subsequent to the adoption of Rule 54(b). In any event, at most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the

It is the position of ICC that the second judgment issued on July 12, 1974, is final and therefore provides a proper basis for the August 22, 1975, execution order issued against the Company.[5]  On the question of the Rule 54(b) certification, ICC points out that the first judgment did contain such a certification.[6]  Since the second judgment refers back to and is an extension of the first,[7] ICC asserts, the Rule 54(b) certification of the first judgment must be imputed to the second.

Furthermore, ICC maintains that a judgment, such as the second judgment issued on July 12, 1974, is final as long as it specifies some amount of damages which the plaintiff can collect. Finality, ICC argues, does not require that a judgment specify all damages as long as it provides a minimal dollar figure which the plaintiff can collect while proving additional damages.

This court has repeatedly stressed the importance of strict adherence to the certification requirements of Rule 54(b). See, e. g., *Browning Debenture Holders Committee v. DASA Corp.*, 524 F.2d 811, 814 n. 4 (2d Cir. 1975); Wright & Miller, *Federal Practice and Procedure: Civil* § 2660. The confusion surrounding the instant appeal demonstrates the need for such careful compliance.

We are frankly unsure whether the district court originally intended for the Rule 54(b) certification contained in its first judgment to apply to its second judgment as well. While that is one reasonable interpretation of the second judgment and while Judge Stewart indicated about one year after entry of the second judgment that this interpretation was the proper one, the very terms of Rule 54(b) require that certification of finality be "express" so as to avoid any ambiguity.

■ The failure to comply with the literal requirements of Rule 54(b) with respect to the second judgment might not, by itself, have compelled a remand to the district court although, as we noted in *Browning Debenture Holders Committee, supra*, we view strict compliance with Rule 54(b) as a matter of the greatest importance. However, other ambiguities in the judgment of July 12, 1974, compel us to return this case to the district court. In particular, the decision of the district court to allow for additional proof of damages prevents us from characterizing the second judgment of July 12, 1974, as final.

■ "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911, 916 (1945). The judgment of July 12, 1974, does not end this litigation with respect to Robert L. Vesco: ICC retains the right to appear and assert additional damages against him. Because the judgment leaves ICC that option, it cannot be viewed as final since finality implies that, after the entry of judgment, the court will concern itself with nothing other than the mechanics of execution.

The circumstances here are quite similar to the facts in *United States v. Burnett*, 262 F.2d 55 (9th Cir. 1958, 1959). In *Burnett*, an airline passenger sued the United States for injuries sustained as a result of poor maintenance at a federally-owned airport. After finding for the plaintiff on the issue

---

others. *Redding & Co. v. Russwine Construction Corp.*, 150 U.S.App.D.C. 93, 463 F.2d 929, 932–33 (1972). Since Vesco's liability in the instant setting does not depend upon that of any of his co-defendants, Vesco cannot avail himself of whatever authority *Frow* might retain.

**5.** ICC makes no attempt on appeal to argue that the judgment of October 5, 1973, constitutes a final judgment. Since that judgment

specifies no damages whatsoever, it, of course, cannot be considered final. *Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.*, 463 F.2d 101 (2d Cir. 1972), *cert. denied*, 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972).

**6.** See note 1, *supra*, ¶ 3.

**7.** See note 2, *supra*, ¶¶ 1 and 4.

of liability and after deciding on part of the damage award to which the plaintiff was entitled, the district court entered a judgment declaring the government's liability under the Federal Tort Claims Act and fixing partial damages. However, the district court in *Burnett*, like the district court here, left open the possibility that the plaintiff might prove additional damages at a later date.

On appeal, the Court of Appeals for the Ninth Circuit held that "the legal effect of what the [district] court did was to announce and enter an interlocutory decision." Because the provision allowing for proof of future damages "made it clear that the [district] court had not finally disposed of the law suit," the judgment could not be construed as final. *Burnett, supra* at 59.

*Burnett* was cited with approval by this court in *Aetna Casualty & Surety Co. v. Giesow*, 412 F.2d 468 (2d Cir. 1969). While there were other grounds for our decision in *Giesow*, we indicated on the authority of *Burnett* that a judgment fixing certain damages but not others could not be considered final. *Giesow, supra* at 470.

■ In short, a judgment cannot be considered final as long as it leaves open the question of additional damages. The essence of a final judgment is that it leaves for the court nothing to do but order execution.

There is, however, one aspect of the situation here which distinguishes it from *Burnett* and *Giesow* and which leads us to remand, rather than reverse, the decision below. In both *Burnett and Giesow*, the plaintiffs advanced a single claim. Here, in contrast, ICC asserts multiple claims against Vesco alleging violations of § 10(b) of the Securities Exchange Act of 1934, violations of Rule 10b–5 of the Securities and Exchange Commission, breach of fiduciary duties, waste of corporate assets, fraud, and corporate self-dealing.

■ In a situation, such as that on appeal, where liability is established on multi-ple claims, Rule 54(b) authorizes the district court to determine the damages stemming from some of the claims and to enter final judgments with respect to them, while retaining jurisdiction over the other claims in which damages have not yet been proven. Such a procedure is not required in multi-claim suits, but it is permitted if the district court makes the proper certification. Fed. R.Civ.P. 54(b); see also Wright & Miller, *Federal Practice and Procedure: Civil* §§ 2653, 2654.

■ *Burnett* and *Giesow* establish that, for a final judgment to be entered on any one claim, all damages stemming from that claim must be fixed. Rule 54(b) establishes that final judgments may, at the court's discretion, be entered for some claims while the court retains jurisdiction over the others. However, for a claim to be the subject of a final judgment and certification under Rule 54(b), the requirements of *Burnett* and *Giesow* must be met with respect to that particular claim. In other words, the district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed.

■ It is unclear from the record below whether the district court applied these rules properly in this case. If the judgment of July 12, 1974, allows ICC to prove further damages for each and every of its claims against Vesco, then no Rule 54(b) certification can be entered for any of the claims since such certification and final judgment are permissible with respect to any one claim only if all damages stemming from that claim have been fixed. However, if the judgment of July 12, 1974, is to be understood as establishing all damages for some of the claims and allowing future proof of damages for the remaining claims only, then Rule 54(b) certification is proper with respect to those claims for which all damages have been proven.

■ In short, the judgment of July 12, 1974, is susceptible to two interpretations, one which is consistent with Rule 54(b) cer-

tification, the other which is not. Accordingly, we remand for the entry of a new judgment to clarify for which, if any, of the claims against Vesco all damages have been computed. If the damage award of $2,422,-466.72 entered on July 12, 1974, was intended to include all the damages from any of the claims against Vesco, those specific claims for which no further damages may be proven may be the subject of a final judgment and Rule 54(b) certification. However, the claims on which ICC is still free to prove additional damages may not be subject to a final judgment or Rule 54(b) certification.

### III. Summary

In summary, we remand to the district court for an apportionment among the various claims raised by ICC of the damages assessed by the district court on July 12, 1974. For those claims for which further damages may not be proven, the district court may enter a final judgment and, if it chooses, provide for explicit Rule 54(b) certification. However, the district court must retain jurisdiction over the remaining claims for which ICC may prove additional damages. No final judgment may be entered with respect to any of those claims until all damages have been assessed.

In light of our decision to remand for the reasons stated above, it is unnecessary for us to reach the other arguments raised by the Company on appeal.

Remanded.