980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leon DICKMAN, Nyman Dickman, and Henry Knass, General
Partners of Arlington Associate, an Illinois
Limited Partnership, Plaintiffs-Appellees,
v.
Arnold I. KRAMER, Defendant-Appellant.
 No. 90-1986.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 11, 1992.
Decided Dec. 1, 1992.
Rehearing and Rehearing En Banc
Denied Jan. 8, 1993.
 
 1
 Before BAUER, Chief Judge, MANION, Circuit Judge, and JAMES T. MOODY, District Judge*.
 
 ORDER
 
 2
 For ten years following a judgment and verdict against Arnold Kramer under federal and state securities laws the parties have disputed whether the district court has properly entered a final, appealable judgment pursuant to Federal Rule of Civil Procedure 58. Kramer now appeals from the district court's denial of his motion for reconsideration of an order to discover his assets. We hold that the district court did not abuse its discretion in denying Kramer's motion to reconsider because it had decided Rule 58 was satisfied in at least three final and appealable orders, and we affirm.
 
 I. Background
 
 3
 On or about December 6, 1968 Zev Karkomi, Arnold Kramer and Arthur Strilky (hereinafter "defendants") purchased real estate from August Stavros, James Stavros, Maurice Nesset and Wheeling Trust and Savings Bank. The contract called for installment payments for property in Arlington Heights, Illinois, worth approximately $2,000,000.00. To help meet the installment payments, on March 5, 1969 the defendants leased a portion of the property to Leon Dickman, Nyman Dickman and Henry Knass (hereinafter "plaintiffs"). From the outset the parties entangled themselves in disputes over the lease terms. New entities, such as the Three Lakes Subdivision Development Corporation, entered into the picture in an attempt to restructure the agreement. In 1974, the plaintiffs sued for rescission, damages and attorneys' fees alleging various federal and state securities and contract violations. In 1982 a jury rendered a verdict and the court granted judgment for the plaintiffs and against Three Lakes Subdivision Development Corporation and Arnold Kramer, jointly and severally, in the amount of $859,643.82.
 
 
 4
 At the conclusion of trial, on March 19, 1982, the district court signed a three-page entry entitled "Final Judgment". Arnold Kramer, for himself and also as attorney for Three Lakes Subdivision Development Corporation, appealed.[1] On November 7, 1983 this court concluded that the district court's "Final Judgment" was not a final, appealable order because it "had retained jurisdiction to determine attorney fees." We remanded the case to the district court to resolve the attorneys' fees issue, two additional matters that the parties raised for the first time during the appeal, and the effect of Kramer's Chapter 11 bankruptcy (a petition he had filed on June 22, 1981, eight months prior to the trial, but left undisclosed to the plaintiffs until May 10, 1982 when they first sought a citation to discover Kramer's assets).
 
 
 5
 On February 17, 1984 the plaintiffs wrote the district court requesting that he find that Kramer's bankruptcy had no effect in this case. The plaintiffs also stated that they did not know to what the appellate court referred when it remanded regarding the two matters first raised on appeal. On March 1, 1984 the district court invited Kramer to respond to plaintiffs' letter. Kramer failed to respond. Perhaps because this case was already ten years old the parties were otherwise occupied. On June 25, 1984 the court issued the following order:
 
 
 6
 Plaintiff's letter of February 17, 1984 is construed as a motion for leave to file a petition for attorney's fees. As the defendant has failed to respond or otherwise voice objection, plaintiff is hereby given leave to file a petition for fees within thirty (30) days of this order.
 
 
 7
 This time for some strange reason the plaintiffs did not respond. Thus, on December 10, 1984 the district court (on its own motion) summarily denied the plaintiffs their attorneys' fees. This still left the plaintiffs with what appeared to be an $860,000 judgment. Yet the case remained dormant. Kramer did not attempt an appeal and plaintiffs did not attempt to collect through the court. On September 9, 1987 the district court, after notifying the parties and pursuant to local rule 33, disposed of the trial exhibits.[2]
 
 
 8
 On March 14, 1989 an alarm went off (perhaps with the arrival of new attorneys) and the plaintiffs asked the district court to "revive" the original judgment. On April 28, 1989 the district court revived the judgment (more on this later), but Kramer still did not appeal or otherwise complain. Shortly thereafter the plaintiffs moved the district court for an order of citation to discover Kramer's assets. This finally prodded Kramer to act, and he moved to dismiss the citation. The magistrate judge then ordered the file in this case to be exhumed from the federal records center, and he scheduled submission of written briefs. In an entry docketed on March 6, 1990 the district court adopted the magistrate judge's report and recommendation and denied the defendants' motion to dismiss, finding that the orders of June 28, 1984 and December 12, 1984 terminated litigation on the merits and thus constituted final judgment. Again, Kramer did not appeal. Instead, on April 5, 1990 he moved that the district court reconsider its March 6, 1990 ruling. This was summarily denied on April 16, 1990. On May 1, 1990 Kramer filed a Notice of Appeal from orders
 
 
 9
 entered on May 1, 1989, which sustained plaintiffs' petition to revive judgment; entered on March 6, 1990 which denied Defendant Kramer's motion to dismiss plaintiffs' citation to discover assets; and entered on April 17, 1990, which denied Kramer's motion for reconsideration of the March 6, 1990, order in the above-cause.
 
 
 10
 On May 11, 1990 Kramer filed another notice of appeal which duplicated the one filed May 1, and added the district court's entry of March 19, 1982.
 
 II. Discussion
 A. Standard of Review
 
 11
 Over ten years ago, on April 16, 1982, Kramer appealed to this Court to overturn a near million dollar judgment and verdict against the defendants. We then refused jurisdiction because the order appealed from was not in fact final. The record since then exposes apparent terminations by the court and dilatory action by the parties. Now the parties do not dispute that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, wherein we only review "final decisions" of the district court. Yet it is elemental that the appellant, in this case Kramer, must file a notice of appeal with the district court clerk "within [thirty] 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). In his notices Kramer asks us to review the district court's entries of March 19, 1982, May 1, 1989, March 6, 1990 and April 17, 1990. We need only cite to the appeal date notice (May 1, 1990) and look thirty days behind to see which (if any) judgment or order the appellant is appealing. Only the district court's order of April 16, 1990 denying Kramer's motion to reconsider its March 6, 1990 ruling falls within the window of appeal.
 
 
 12
 Since Kramer, on behalf of the defendants, failed to take any action for ten days after the March 6, 1990 ruling, any subsequent motions would not invoke Rules 52(b) or 59 and extend the time for filing an appeal notice. By not filing a notice within the required 30 days of the March 6 order (see Fed.R.App.P. 4(a)), Kramer's only remaining option was a motion for reconsideration under Rule 60, which does not extend the 30-day time limitation for a notice of appeal. Not only is a Rule 60(b) motion not a substitute for a notice of appeal, but also we review the denial of a Rule 60 motion not a substitute for a notice of appeal, but also we review the denial of a Rule 60 motion under the very deferential abuse of discretion standard. Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 386 (5th Cir.1978). Thus, this case presents the narrow question of whether the district court abused its discretion in not reconsidering its March 6, 1990 order which ruled that the district court had previously entered a final judgment.
 
 B. The District Court Proceedings
 
 13
 Kramer argues that the district court has never entered a final decision in this case pursuant to Rule 58. Whether a judgment exists is a critical question under the rules: Rule 50(b) (a motion for directed verdict may be renewed not later than ten days after entry of judgment ), Rule 52(b) (the parties may move that the court amend its own findings not later than ten days after entry of judgment ), Rule 59 (a motion for a new trial may be served not later than ten days after the entry of judgment ) and Rule 60 (motion for relief from a judgment ) apply where the district court has entered a judgment in the matter. Although Rule 58 explicitly requires the district court to enter final judgment, the rules do not address the issue of who determines whether the district court has properly done so. Obviously, in a properly perfected appeal a circuit court can rule on the question of finality, as we did when we remanded this case on November 7, 1983. However, the issue of whether a judgment is final can also arise when the prevailing party wishes to enforce the judgment. To enforce the judgment the district court must necessarily find that the judgment complied with Rule 58. See Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 847-48 (7th Cir.1981) (applying this reasoning where the court had entered a default judgment pursuant to Rule 55). There are other times when judgments may be questioned, such as where the district court wishes to amend, enforce or revive a judgment, or where the parties wish to appeal it. Under some circumstances the courts and the parties can even waive the separate judgment of Rule 58. Bankers Trust Co. v. Mallis, 435 U.S. 381, 388 (per curiam ), rehearing denied, 436 U.S. 915 (1978).
 
 
 14
 Here the district court's March 19, 1982 "Final Judgment" at the conclusion of trial did not comply with Rule 58 because it reserved jurisdiction over a later determination of the plaintiffs' attorneys' fees. Kramer appealed, although this was not his only option. He could have easily avoided this court's denial of jurisdiction if, prior to appeal, he had timely asked the district court to clarify the judgment, moved for a new trial pursuant to Rule 59, giving the court time to resolve any remaining matters, or asked the court to direct entry of a final judgment on a claim pursuant to Rule 54(b). Since 1982 Kramer has periodically complained that no final judgment existed; yet he never asked for one. He instead chose to stand idly by until the district court had complied with Rule 58. Now the appeal is before us on the district court's denial of Kramer's motion to reconsider. In addressing whether the court abused its discretion in not reconsidering its order that a final judgment existed, we conclude that three of the court's earlier entries are highly relevant.
 
 
 15
 The first significant entry occurred on December 10, 1984, when the district court denied the plaintiffs their attorneys' fees. The defendants then knew the exact amount they owed the plaintiffs. For all practical purposes this ended the case. See Transamerica Insurance Company v. South, 975 F.2d 321, 326 (7th Cir.1992). The court and the parties assumed as much by later removing the trial exhibits. In First National Bank of Chicago v. Comptroller of the Currency of the United States, 956 F.2d 1360 (7th Cir.), cert. denied, 113 S.Ct. 93 (1992), we were asked by the parties to accept jurisdiction under a similar procedural scenario. The Bank had wanted to distribute individual properties of an investment fund directly to withdrawing investors, rather than cashing them out or assigning each investor a percentage of the entire value of the properties. The district court decided all but one count on the pleadings, and the parties subsequently agreed to drop the remaining count. The district court never entered a separate document pursuant to Rule 58. On appeal we held that "Compliance with the rule makes it easier to determine whether there is a final judgment, but if we know from other sources that there is one, we have jurisdiction." Id., at 1363. First National allows our jurisdiction under 28 U.S.C. § 1291 (which speaks of final decisions) some flexibility under the terms of Rule 58 (which speaks of final judgment). In this case Kramer could have appealed the district court's entry of March 19, 1982 within thirty days after its entry of December 10, 1984, which had disposed of the only remaining non-final issue in the original judgment. He did not.
 
 
 16
 The second significant entry (which gave Kramer another chance) occurred on April 28, 1989, when the district court revived the original judgment in the following order:
 
 ORDER
 
 17
 THIS CAUSE coming to be heard on April 13, 1989, upon Plaintiffs' Petition to Revive and Extend Judgment Prior to Dormancy, and Defendants' Response thereto; the parties being represented by their respective attorneys, and the Court having considered the pleadings, and having heard evidence adduced by the respective parties, and the arguments of counsel, and it being fully advised in the premises, the Court finds that:
 
 
 18
 1. A judgment was rendered on March 19, 1982, and entered on May 5, 1982, in favor of Plaintiffs, and against Defendants THREE LAKES SUBDIVISION DEVELOPMENT CORPORATION and ARNOLD KRAMER, jointly and severally, in the sum of Eight Hundred Fifty-Nine Thousand, Six Hundred Forty-Three and 82/100 Dollars ($859,643.82), together with statutory interest thereon from February 16, 1971. A copy of said judgment is attached hereto as Exhibit A.
 
 
 19
 2. Plaintiffs are the owners and holders thereof, and no payments or credits have been made or satisfied by Defendants. There are no counterclaims or setoffs in favor of Defendants, and the full amount of the judgment remains wholly unsatisfied.
 
 
 20
 WHEREFORE, it is ordered and adjudged that the judgment rendered by this Court in the case entitled Leon Dickman, et al. vs. Three Lakes Subdivision Development Corporation et al., and entered on May 5, 1982, in favor of Plaintiffs, and against Defendants therein, for the sum of Eight Hundred Fifty-Nine Thousand, Six Hundred Forty-Three and 82/100 Dollars ($859,643.82), together with statutory interest thereon from February 16, 1971, be, and it is hereby, revived for the total amount thereof, as of the date of the adjudication and Order thereof.
 
 
 21
 The clerk's entry docketed on May 1, 1989 "Ordered that the judgment rendered by this court in this action and entered on May 5, 1982, in favor of plaintiffs and against defendants therein together with statutory interest is revived for the total amount thereof, as of the date of the adjudication and order thereof."
 
 
 22
 The plaintiffs had petitioned for the revival of the original judgment under the assumption that Illinois law provides that judgment liens on real estate last no longer than seven years after entry or revival. Rule 69(a) requires the district court, if inclined to enforce a judgment, to follow the law of the state in which it sits. So the plaintiffs petitioned the district court to revive and thus extend the original judgment for another seven years. A motion to revive a judgment presents the court with only two issues: whether a judgment exists and whether it has been satisfied. A.A. Store Fixture Co., Inc. v. Kouzoukas, 410 N.E.2d 131, 136 (Ill.App.1980). If matters had remained pending from the prior judgment, the judgment would have been revived along with all outstanding motions. J.D. Court, Inc. v. Investors Unlimited, Inc., 400 N.E.2d 1083, 1086 (Ill.App.1980). But in this case because the attorneys' fees had been denied, and the defendants had not paid the plaintiffs, the district court explicitly found that a judgment existed, and revived it in simple language, properly identifying the parties and the amount of relief. See Reyblatt v. Denton, 812 F.2d 1042, 1044 (7th Cir.1987). The entry had all of the hallmarks of a Rule 58 judgment. Kramer could have appealed within thirty days of the April 28, 1989 entry. Motorola, Inc. v. Computer Displays International, Inc., 739 F.2d 1149, 1154 (7th Cir.1984). He did not.
 
 
 23
 The third significant entry occurred after the plaintiffs moved the district court for a Rule 69(a) order of citation to discover Kramer's assets. The defendants moved to dismiss, filing a two-page argument asserting that no final judgment nor order had been entered. The district court rejected the argument and on March 6, 1990 adopted the magistrate judge's report and recommendation, which specifically concluded that the district court's orders of June 28, 1984 and December 12, 1984 terminated litigation on the merits and constituted final judgment. As in revival, subsequent orders to enforce the judgment place its underlying validity directly in issue. International Controls Corp. v. Vesco, 535 F.2d 742, 745 (2d Cir.1976), cert. denied, 434 U.S. 1014, 98 S.Ct. 730 (1978). Where a district court concludes that a prior judgment complies with Rule 58, such as in proceedings to enforce it, that conclusion is also a final, appealable order within the meaning of 28 U.S.C. § 1291. Transportation Cybernetics Incorporated v. Forest Transit Commission, Forest County, Wisconsin, 950 F.2d 350, 352 (7th Cir.1991) (to be appealable, a post-judgment order must only dispose of all issues raised in the motion, not all issues in the lawsuit); Smith-Bey v. Hospital Administrator, et al., 841 F.2d 751, 755 (7th Cir.1988) ("In general, a decision is final for purposes of § 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment," quoting Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n, 805 F.2d 663, 666 (7th Cir.1986), cert. denied, 480 U.S. 941, 107 S.Ct. 1593 (1987)). Kramer could have appealed within thirty days of the district court's March 6, 1990 entry. He did not.
 
 C. The Motion to Reconsider
 
 24
 On April 16, 1990 the district court denied Kramer's motion for reconsideration. On appeal, as stated above, this case presents the narrow question of whether the district court abused its discretion in ruling that it had previously entered a final judgment. As a general rule, granting a Rule 60 motion is an extraordinary relief reserved for extraordinary circumstances. C.K.S. Engineers, Inc. v. White Mountain Gypsum Company, 726 F.2d 1202, 1204-05 (7th Cir.1984). If a party delays too long, even the most blatant of legal errors will be upheld on appeal. See Scola v. Boat Frances, R., Inc., 618 F.2d 147 (1st Cir.1980). Although Rule 60 is given an otherwise more liberal construction when the issue involves a judgment's validity, Brennan v. Midwestern United Life Insurance Company, 450 F.2d 999, 1003 (7th Cir.1971), cert. denied, 405 U.S. 921, 92 S.Ct. 957 (1972), the court does not simply re-hash the underlying merits of the case. The court also asks why "sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Id.
 
 
 25
 In his motion for reconsideration Kramer advanced the same argument that the district court had consistently rejected. Whether Kramer wanted a Rule 58 judgment entry to perfect an appeal or as a defense to having to pay the underlying award matters not. On three separate occasions the district court concluded this case. Thus, Kramer had at least three opportunities when he could have appealed within thirty days of the district court's entries (December 10, 1984, April 28, 1989 or March 6, 1990). Then the precise issues revolving around Rule 58 and the March 19, 1982 judgment would have been directly before us. The most blatant example of finality in this case was the district court's March 6, 1990 order. The court expressly ruled that the litigation was over and allowed the plaintiffs to discover Kramer's assets. If Kramer disagreed, his avenue of relief was not in a motion to reconsider, but in a direct appeal. Under the very deferential abuse of discretion standard of review we ask whether a reasonable person could agree with the district court. Smith v. Widman Trucking & Excavating, 627 F.2d 792, 795-96 (7th Cir.1980). That is a much more lenient standard than when reviewing the merits of a timely-filed appeal. Kramer's approach throughout this case has been to delay its conclusion. This final delay will apparently cost him the amount of the judgment.
 
 III. Conclusion
 
 26
 The district court did not abuse its discretion in denying a motion to reconsider whether it had entered a final, appealable judgment pursuant to Rule 58 where it had already given Kramer three final and appealable decisions on the matter. Since our original remand he has not filed a timely appeal on the merits. We AFFIRM the district court's denial of the motion to reconsider.
 
 
 
 *
 Hon. James T. Moody, District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Kramer appears in this second appeal pro se
 
 
 [2]
 Local rule 33(c) required a party responsible for exhibits to remove them from the court within ninety days after the court rendered a final decision, if no appeal was taken. The current version of local rule 33(c) states:
 Exhibits which have been deposited with the clerk shall be removed by the party responsible for them, (1) if no appeal is taken, within ninety days after a final decision is rendered or (2) within thirty days after the mandate of the reviewing court is filed. Parties failing to comply with this rule shall be notified by the clerk to remove their exhibits. Thirty days after such notice, the material shall be sold by the marshall at public or private sale or disposed of as the court directs. The net proceeds of the sale shall be paid into the registry of the court.