# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER, JR.,
        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

In re Facebook, Inc., IPO Securities and Derivative Litigation

Facebook, Inc., Mark Zuckerberg, Sheryl K. Sandberg, David Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, Peter A. Thiel, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Allen & Company LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Incorporated, RBC Capital Markets LLC, Wells Fargo Securities, LLC, Blaylock Robert Van LLC, BMO Capital Markets Corp., C.L. King & Associates, Inc.,

**Cabrera Capital Markets, LLC, Castleoak Securities, L.P., Cowen And Company, LLC, E\*Trade Securities LLC, Itau Bba USA Securities, Inc., Lazard Capital Markets LLC, Lebenthal & Co., LLC, Loop Capital Markets LLC, M.R. Beal & Company, Macquarie Capital (USA) Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Pacific Crest Securities LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., Samuel A. Ramirez & Company, Inc., Stifel, Nicolaus & Company, Incorporated, The Williams Capital Group, L.P., William Blair & Company, LLC,**
<u>Intervenors-Appellants,</u>

-v.-  

15-3983(L)
15-3986(con)
15-3987(con)
15-3990(con)

**North Carolina Department of State Treasurer, Arkansas Teacher Retirement System, Fresno County Employees' Retirement Association, Sharon Morley, Jose G. Galvan, Mary Jane Lule Galvan, Eric Rand, Paul Melton, Lynn Melton,**
<u>Intervenors-Appellees,</u>

**NASDAQ OMX Group, Inc., The NASDAQ Stock Market, LLC, Robert Greifeld, Anna M. Ewing,**
<u>Defendants-Appellees,</u>

**T3 Trading Group, LLC, Avatar Securities LLC, Philip Goldberg, Steve Jarvis, Atish Gandhi, Colin Suzman, Meredith Bailey, Faisal Sarni,**
<u>Plaintiffs-Appellees.\*</u>

- - - - - - - - - - - - - - - - - - - - -X

---

\*     The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

**FOR INTERVENORS-APPELLANTS:** RICHARD D. BERNSTEIN, Willkie Farr & Gallagher LLP, Washington, DC,

Andrew Brian Clubock, Susan E. Engel, Kirkland & Ellis LLP, New York, NY and Washington, DC,

James P. Rouhandeh, Charles Duggan, Andrew Ditchfield, Davis Polk & Wardwell LLP, New York, NY.

**FOR INTERVENORS-APPELLEES:** JOHN J. RIZIO-HAMILTON, Salvatore J. Graziano, Bernstein Litowitz Berger & Grossmann LLP, New York, NY,

Thomas A. Dubbs, James W. Johnson, Thomas G. Hoffman Jr., Labaton Sucharow LLP, New York, NY,

Steven E. Fineman, Lieff Cabraser Heimann & Bernstein LLP, New York, NY,

Frank R. Schirripa, Hach Rose Schirripa & Cheverie LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:** PAUL LANTIERI III, William A. Slaughter, Stephen J. Kastenberg, Ballard Spahr LLP, Philadelphia, PA.

**FOR PLAINTIFFS-APPELLEES:** Vincent R. Cappucci, Jordan Abraham Cortez, Entwistle & Cappucci LLP, New York, NY,

Douglas G. Thompson, Michael G. Mclellan, Finkelstein Thompson LLP, Washington, DC,

Christopher Lovell, Victor E. Stewart, Lovell Stewart Halebian Jacobson LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Facebook, Inc., et al. appeal as intervenors from the final judgment of the United States District Court (Sweet, <u>J.</u>) approving a class action settlement in this securities case stemming from the initial public offering ("IPO") of Facebook stock. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The appellants intervene to vindicate their interests as defendants in separate but related litigation. The Judicial Panel on Multidistrict Litigation transferred two groups of actions relating to the Facebook IPO to the same judge in the Southern District of New York, who consolidated them into two class actions: a "Nasdaq action" (pleading claims against various Nasdaq defendants arising from investor losses allegedly caused by technical malfunctions on the exchange on the day of the IPO) and a "Facebook action" (pleading claims against various Facebook and underwriter defendants arising from investor losses allegedly caused by misrepresentations and omissions in the IPO prospectus). This appeal arises from the settlement of the Nasdaq action. The parties in this action are satisfied with the settlement. The appellants are the defendants in the Facebook action, which is ongoing.

The appellants do not challenge the terms of the settlement vis-à-vis the parties in the settled case. Though they objected to it in the district court and now at least formally challenge its approval, they do not object to its substance--that is, no one disputes the settlement's fairness, nor is there a genuine dispute about its form. The dispute on appeal concerns the judgment credit provision, which, consistent with the Private Securities Litigation Reform Act ("PSLRA") and the law of this Circuit, provides that any judgment against the Facebook defendants arising from the same matters alleged in the Nasdaq complaint will be reduced by the greater of (a) the amount that corresponds to the percentage of responsibility of the Nasdaq

4

defendants for the damages awarded in the Facebook action [the "proportional responsibility" deduction], or (b) the amount paid by the Nasdaq defendants to the common plaintiffs for common damages [the "pro-tanto" deduction] (or (c) a third quantity not relevant here). See generally 15 U.S.C. § 78u-4(f)(7)(B). Appellants object to the inclusion of the phrase "for common damages," but they do not argue that they are entitled to a judgment credit for damages that are *not* common; nor does there appear to be any serious contention that the wording of the settlement fails to conform to the law. Rather, appellants object to any implication that the damages alleged in the two actions may not be common, and that the issue is left to be litigated and decided in the Facebook action. They argue that all of the damages to the common plaintiffs are common, that appellants should therefore receive judgment credit in the Facebook action for the full amount of the Nasdaq settlement paid to common plaintiffs, and that the district court was obligated to decide that issue in connection with the Nasdaq settlement.

Appellants' objection, therefore, is not truly an objection to the terms of settlement at all, but is to the district court's decision to defer the question of common damages to be decided in the Facebook action. They argue that the district court lacked the authority to enter final judgment without first deciding whether the damages in the two actions are indeed common damages, because the PSLRA requires the district court to resolve such issues and because the failure to resolve them violates principles of finality. We disagree.

The PSLRA provides that nonsettling defendants are entitled to a judgment credit for a settlement by another defendant. See 15 U.S.C. § 78u-4(f)(7)(B). This in effect codifies the common-law "one satisfaction rule, which provides that a plaintiff is entitled to only one satisfaction for each injury." Singer v. Olympia Brewing Co., 878 F.2d 596, 600 (2d Cir. 1989). Under this rule, "a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages." Id.

Class settlements of federal securities claims have frequently been approved when they have provided a judgment reduction formula that gives nonsettling defendants credit for the greater of (1) "the settlement amount for common damages," or (2) "the 'proportionate share' of the settling defendants'

5

fault as proven at trial." Gerber v. MTC Elec. Techs. Co., Ltd., 329 F.3d 297, 302-3 (2d Cir. 2003). This "capped proportionate share" formula complies with the one satisfaction rule because it "ensures that a judgment credit is at *least* the amount of the settlement for common damages." Id. at 303. The settlement under review calls for application of that formula.

Appellants cite Denney v. Deutsche Bank AG, 443 F.3d 253 (2d Cir. 2006), for a more expansive view of what the PSLRA requires, but they misconstrue the case. Denney observed that, "[o]rdinarily, the potential harshness of a bar order [depriving non-settling defendants of contribution claims against settling defendants] is mitigated by a judgment credit provision that protects a nonsettling party from paying damages exceeding its own liability"; but that the judgment credit provision under review in that case

> simply provide[d] that nonsettling parties shall be "sufficiently" compensated, without specifying how such compensation shall be calculated. The use of the word "sufficiently"--if read to mean "fully," as the district court urges--might provide nonsettling parties with some peace of mind. But they are unfairly prejudiced by the failure to specify how that full and sufficient compensation will be calculated.

Id. at 274. Denney emphasized the utility of knowing in advance of trial whether a proportionate, pro rata, or pro tanto methodology will apply to any judgment credit and accordingly remanded "for modification of the judgment credit and/or bar order provisions." Id. at 276. Denney did not, however, require deciding whether or to what extent damages are common between two actions before approving settlement in one of them. It required only that a settlement with a bar order specify the methodology of any eventual judgment credit. The settlement under review does so specify the methodology.

Appellants' argument that the settlement approval violates principles of finality is no more persuasive. Indeed, the Nasdaq action is done, and the judgment is final. All parties in that action are satisfied, and the judgment can be executed. "[F]inality implies that, after the entry of judgment, the court will concern itself with nothing other than the mechanics of execution." Int'l Controls Corp. v. Vesco, 535 F.2d 742, 747 (2d Cir. 1976). With respect to the Nasdaq action, that finality

is achieved.  The open question of whether and to what extent damages are common with the Facebook action will have no effect whatsoever on the Nasdaq action, and can be litigated just as well in the Facebook action.

Accordingly, and finding no merit in Appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK